WIPO Panelist Defendant Peter L. Michaelson flat out lies hypothesizing in a WIPO decision that I claimed I would undo injury that I did for a fee. This is NOT True. I will NOT undo my blog posts for a price, and Plaintiff Crystal L. Cox never offered Such. Plaintiff Crystal L. Cox's intention is to warn others potential clients on how dangerous and unethical that Defendant Marc Randazza and Defendant Randazza legal group is. Defendant Marc Randazza was acting as Plaintiff Crystal L. Cox's attorney. Plaintiff Crystal L. Cox's blogs are to review, complain expose her experience with Defendant Marc Randazza. There was no "price" offered. So WIPO Panelist Defendant Peter L. Michaelson saying that "Basically, for a price, she would undo the injury to the Complainant for which she was responsible for having created in the first place." this again is defamatory and I Request WIPO issue a Retraction in major media sources.

In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson discusses Defendant Marc Randazza's given name and "Mark". Yet no Trademark Documents applied or were filed. And Defendant Marc Randazza goes by Marco Randazza on Twitter, YouTube and his username on his own blog.

There is no ™ on Marc Randazza's Blog. And there was no proof given to WIPO of Marc Randazza's "given name" as I believe his birth name is Marco Randazza and not Marc Randazza. Also note that this Marc Randazza is not the only Marc Randazza in the world and should not have a right to steal this intellectual property as the only rightful owner in the world.

**In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson States:**

"Third, the Respondent attempted to commercially benefit from registration of these names by offering "reputation management" services to the Complainant – through baiting the Complainant into an extortionate scheme."

This is a flat out false claim, and is defamatory. Plaintiff Crystal L. Cox did not bait the Complainant, in fact Defendant Marc Randazza entered Plaintiff Crystal L. Cox life through channels other than herself. Defendant Marc Randazza wanted to be my attorney in the biggest First Amendment Case out there at this time, and got very angry when I fired him as my Attorney and instead chose UCLA Professor Eugene Volokh.

In WIPO Decision Case No. D2012-1525, Defendant Peter L. Michaelson States:

"Specifically, once the Complainant declined her "reputation management" services, the Respondent then registered domain names that contained not only the Complainant's surname, but also the personal names of his wife and three year old daughter, and then included falsehoods about the Complainant on her websites to which the domain names resolved."

This is false and defamatory. Plaintiff Crystal L. Cox did not post falsehoods, nor did Plaintiff Crystal L. Cox start blogs to post falsehoods because Defendant Marc Randazza refused to pay me. Plaintiff Crystal L. Cox did not ask Defendant Marc Randazza to pay me to remove anything. Plaintiff Crystal L. Cox's Blogs were to expose **Defendant** Marc Randazza. And there was NEVER a blog at the alleged domain of **Defendant** Marc Randazza's alleged daughter. **Defendant** Peter L. Michaelson flat out lied about . Plaintiff Crystal L. Cox

**Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant Godaddy Inc., Defendant Bob Parsons, Defendant Jessica Griffin Godaddy Insider, and other John and Jane Doe's at Godaddy.**

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Godaddy Inc. and Defendant Bob Parsons Godaddy President are liable for the Damage they have done to me, and now to the Entire Domaining, Domain After Market, Domain Auctions, and Domain Name Industry. Defendant Marc Randazza Criminally and Civilly Conspires with Godaddy Inc., and Defendant WIPO in order to steal Domain Names.

Defendant Godaddy Inc. and Bob Parsons Godaddy President make pay per click, ad money from ads on domain names, Defendant Marc Randazza tells the courts and WIPO that the "Respondent" "Defendant" makes these ad dollars which is false. Plaintiff Crystal L. Cox Godaddy Inc. and Bob Parsons Godaddy President sells domain names, customers such as Plaintiff Crystal L. Cox and Eliot Bernstein, pay for domain names, renew domain names year after year and built content, build value into these domain names. Then Defendant Marc Randazza, a Domain Name Law and Intellectual Property Attorney conspired criminally and civilly with Plaintiff Crystal L. Cox Godaddy Inc. and Plaintiff Crystal L. Cox Bob Parsons Godaddy President, and the Las Vegas Courts to simply take domain names, intellectual property and to redirect your internet traffic without due process and based solely on the unproven information given by Attorney Defendant Marc Randazza.



In 2005, Plaintiff Crystal L. Cox began giving Godaddy large amounts of business. I had met Godaddy at  TRAFFIC West, a Domainer Trade Show Started by Rick Schwarts, the man who SOLD Men.com for 1.4 Million many years before. I also met the man who Sold Business.com for 7.5 Million and many other attorneys and industry insiders. I Liked Godaddy and thought them to have integrity, 7 years later my then partner and I have paid Godaddy hundreds of thousands of dollars in renewal fees and domain name renewals. In 2006, I believe we had around 70,000 domain names which would give Godaddy Inc. around $70,000 a year in domain name renewal fees. Now after 7 years of being a Godaddy Client and vast amount of Money, Referrals and Business I have given Godaddy. Plaintiff Crystal L. Cox Godaddy has Criminally and Civilly conspired with Defendant Marc Randazza to lock, redirect, and flat out steal domain names with no due process to the Godaddy Client.

## Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant Tracy L. Coenen of SequenceInc.com

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza conspired Criminally and Civilly with Defendant SequenceInc.com, Defendant Tracy L. Coenen, Tracy Coenen to Paint Blogger Crystal Cox in False Light.

As seen In Exhibit T, In Criminal and Civil Conspiracy with Defendant Marc Randazza, Defendant Tracy L. Coenen has publicly accused Plaintiff Crystal L. Cox of Extortion. In Criminal and Civil Conspiracy with Defendant Marc Randazza, Defendant Tracy L. Coenen has defamed Plaintiff Crystal L. Cox.

In Criminal and Civil Conspiracy with Defendant Marc Randazza Defendant Tracy L. Coenen has Criminally and Civilly Endangered Plaintiff Crystal L. Cox.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, In Criminal and Civil Conspiracy with Defendant Marc Randazza Defendant Tracy L. Coenen has aided and abetted Defendant Marc Randazza to remove massive information regarding the iViewit Technology Theft.  In Criminal and Civil Conspiracy with Defendant Marc Randazza Tracy L. Coenen has deliberately, with malice, painted Plaintiff Crystal L. Cox in false light so as to discredit Plaintiff Crystal L. Cox and the iViewit Technology story involving Liberty Media Holdings, Corbin Fisher, MPEG LA, Manwin and massive others.

Tracy L. Coenen has acted In Criminal and Civil Conspiracy with Defendant Marc Randazza, and AOL, AOLTW, Julie Jacobs, Tim Cook, John C. Malone and John and Jane Doe's to cover up information online regarding the involvement of AOL, AOLTW, in the iViewit Stolen Technology.

**Upon Knowledge and Belief Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant Tonkon Torp Law Firm, Defendant David S. Aman, Defendant Steven Wilker, Defendant Mike Morgan, Defendant Obsidian Finance Group, Defendant Kevin D. Padrick, Defendant Defendant Patricia Whittington, Defendant David W. Brown and Defendant Judge Marco Hernandez.**

Defendant Marc J. Randazza is, and has been for over a year, acting in Civil and Criminal Conspiracy with Defendant Tonkon Torp Law Firm. Defendant Tonkon Torp Law Firm represented Enron in Bankruptcy Proceedings and Related Matter. Enron Collapsed, went bankrupt, due to Defendant Proskauer Rose Patent Lawyers and Enron's involvement in the Stealing of the iViewit Technology, of which Eliot Bernstein is the Founder and is one of the iViewit Video Technology Inventors.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Tonkon Torp Law Firm is counsel to Intel Corp. Portland who is named in iViewit SEC Complaints, RICO Complaints, USPTO Complaints and legal action regarding the stealing of the iViewit Technology. Tonkon Torp law firm has motive to suppress the iViewit Story in connection with protecting their clients.

Eliot Bernstein, is also a named Defendant on the Court Docket for Obsidian Finance Group Vs. Crystal Cox, Case Number CV-11-57-HZ U.S. District Court, District of Oregon, and Case 2:12-mc-00017-JPH Eastern District of Washington regarding Obsidian V. Cox. Eliot Bernstein is the Founder of iViewit Technologies and one of the Inventors of the iViewit Technology, which Defendant Marc Randazza and Defendant Tonkon Torp Law Firm are Criminally and Civilly Conspiring to Silence Information on.

Enron is named in iViewit, Eliot Bernstein, SEC Complaints, RICO Complaints, Criminal Complaints, and ALL of the Blogs of Counter-Plaintiff Investigative Blogger Crystal L. Cox report on the iViewit Technology Story and the involvement of Enron, Proskauer Rose Law Firm, MPEG LA, Arthur Anderson, Defendant Kenneth Rubenstein Patent Attorneys, Hon. Judith Kaye and thousands of others involved, named defendants and co-conspirators in the iViewit Technology Theft.

Tonkon Torp Law Firm, Defendant Mike Morgan and other John and Jane Doe's represented Enron and have civilly and criminally conspired with Defendant Marc Randazza to cover up Tonkon Torp's involvement in the Stealing of the iViewit Technology.

Defendant Marc J. Randazza is acting in Civil and Criminal Conspiracy with Tonkon Torp Law Firm regarding the suppressing of Investigative Blogger Crystal L. Cox exposing the documents, evidence, records of the iViewit Techology Theft as Seen at www.DeniedPatent.com, www.iVieiwit.tv, www.EthicsComplaints.com , www.BankruptcyCorruption.com , and all blogs

listed in the attached Motion Entitled, **"Motion Requesting Preservation of Evidence"**, of which these blogs in their entirety are evidence in this court, District of Nevada, case and must be printed out by this court, District of Nevada, in their entirety, as requested by Plaintiff Crystal L. Cox and in the best interest of shareholders and the public at large.

Defendant Marc J. Randazza is acting in Civil and Criminal Conspiracy with Tonkon Torp Law Firm and connections to CPA Firm Arthur Anderson, which is a named Counter-Plaintiff in the iViewit Case.  CPA Firm Arthur Anderson's CPA Gary Stachlowski was the primary paid witness in the Obsidian V. Cox Case.

Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm are and have been Criminally and Civilly Conspiring to intimidate, harass, defame Plaintiff Crystal L. Cox in order to attempt to stop Plaintiff Crystal L. Cox from Appealing the Obsidian V. Cox Case. First, Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm, Attorney **Defendant** David Aman Criminally and Civilly Conspired regarding Receivership in the Obsidian V. Cox Case as Defendant Marc Randazza recommend a Las Vegas Attorney named Lara Pearson of the Rimon Law Group to be the Receiver in Obsidian V. Cox. Defendant Randazza did this in order to steal Domain Names such as MarcRandazza.com. Defendant Randazza had been out to sabotage Plaintiff Crystal L. Cox's Appeal from day one in order to suppress the iViewit Story, and protect his Porn Industry Clients such as **Defendant Manwin, Defendant Corbin Fisher, and Defendant Liberty Media Holdings.** .

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm, Attorney **Defendant** David Aman desperately want to STOP the Obsidian V. Cox Appeal, both have the agenda of removing Blogs in which expose the biggest Criminal Technology Case in the World, iViewit Technology. Of which both Defendant Marc Randazza and Tonkon Torp Law Firm, Attorney David Aman have motive to suppress. Defendant Marc Randazza represents Big Porn Industry Companies such as **Defendant** Manwin, **Defendant** Corbin Fisher and Others. Defendant Marc Randazza's clients knowingly use the iViewit Video Technology and have for over a decade. Defendant **Defendant** Marc Randazza's Clients owe Eliot Bernstein and the iViewit Inventors Hundreds of Millions of Dollars.

Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm, Attorney **Defendant** David Aman met with Judge Marco Hernandez and Criminally and Civilly Conspired in order to make me look like a Criminal Guilty of Extortion, when there was no proof of extortion, nor was Plaintiff Crystal L. Cox on Trial for Extortion. This Civil and Criminal Conspiracy led Judge Marco Hernandez to deny me a new trial, and to accuse me of extortion, a crime in a motion to deny a New Trial in a Civil Case.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza and **Defendant** Tonkon Torp Law Firm, Attorney **Defendant** David Aman Criminally and Civilly Conspired as recent as December 2012, as Defendant Marc J. Randazza, an expert in Florida Law, recently advised Tonkon Torp Lawyer David Aman how to filed documents in order to Seize my Assets, this Asset being My Right to Appeal Obsidian V. Cox.  Defendant Marc Randazza and Tonkon Torp Law Firm, Attorney David Aman Criminally and Civilly Conspired for nearly a year now to STOP Plaintiff Crystal L. Cox's appeal.

If Counter-Plaintiff Cox wins the Obsidian V. Cox Appeal then iViewit Technology gets a bigger standing in "Media" and Defendant Marc Randazza and Co-Conspirator **Defendant** David Aman were sent in to sabotage the appeal to make sure this did not happen. All to cover up massive Criminal and Civil Conspiracy regarding the stealing of a 13 Trillion Dollar Video Technology of which Defendant Marc Randazza's Biggest Clients infringe upon every minute of every day.

### Defendant Marc Randazza has Criminally and Civilly Conspired
### with Judge Gloria M. Navarro

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza is acting in Criminal and Civil Conspiracy with Judge Gloria M. Navarro and other co-conspirators to suppress information regarding the Stolen iViewit Technology.

Defendant Marc Randazza is acting in Criminal and Civil Conspiracy with **Defendant** Tonkon Torp Lawyer David S. Aman and Judge Marco Hernandez in torturously interfering with the outcome of my Case Obsidian V. Cox, of which Defendant Marc Randazza set out to sabotage the minute he heard of my verdict.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza is acting in Criminal and Civil Conspiracy with **Defendant** Tonkon Torp Lawyer David S. Aman in counselling Aman on who to get to take Plaintiff Crystal L. Cox's domain names in receivership.  Defendant Marc Randazza told Attorney David S. Aman to use Las Vegas Attorney Lara Pearson of the Rimon Law Group who was the court-appointed receiver in the Righthaven Case.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc Randazza acted in Criminal and Civil Conspiracy with Tonkon Torp Lawyer David S. Aman, Attorney Lara Pearson, and Rimon Law Group to take domain names, suppress free speech, remove my blogs, and remove information regarding the iViewit Technology Story.

Defendant Marc Randazza acted in Criminal and Civil Conspiracy with Judge Gloria M. Navarro who made the ruling regarding Righthaven, Receiver Lara Pearson and the liquidation of Righthaven assets to pay Attorney Marc Randazza, as seen in Exhibit P.

Defendant Marc Randazza has Criminally and Civilly Conspired with Sean Tompkins, Defendant J. Malcom Devoy, Randazza Legal Group, Corbin Fisher,  Michael Fattorosi, and John and Jane Doe's to harass Industry Whistleblowers Monica Foster aKa Alex Melody and Desi Foxx aKa Diana Grandmason, named in Defendant Marc Randazza's complaint against his ex-client, Investigative Blogger, Whistleblower, Plaintiff Crystal L. Cox.

Monica Foster aKa Alex Melody and Desi Foxx aKa Diana Grandmason have written on the iViewit Technology. Monica Foster aKa Alex Melody has interview Plaintiff Crystal L. Cox and iViewit Inventor and Founder Counter-Plaintiff Eliot Bernstein. Defendant Marc Randazza has Criminally and Civilly Conspired to SILENCE Monica Foster aKa Alex Melody in whatever way necessary.

Defendant Marc Randazza has Criminally and Civilly Conspired with Stephen Media, Todd Kinnicann, Defendant Kenneth P. White, Jordan Rushie, Brown White and Newhouse, Defendant PopeHate.com, AboveTheLaw.com, Defendant Forbes, and and John and Jane Doe's in order to create a media falsehood to win cases, affect settlement, control clients, trick clients, and to shut down the blogs of Investigative Blogger Crystal L. Cox exposing the Ivewit Technology Story and Blowing the Whistleblower on Defendant Marc Randazza and his co-conspirators.

Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant Stephen Media, Todd Kinnicann, Hustler, Evil Angel, Zero Tolerance, Red Light District, Defendant Liberty Media Holdings, Defendant Corbin Fisher, Playboy, John Malone, Sean Tompkins, Defendant J. Malcom Devoy, Jordan Rushie, Kenneth P. White, Viacom, Manwin, Manwin Fabian Thylmann, Vasilis Kailis, AVN.com, BitTorrent, Porn Wiki Leaks, Defendant Forbes, Defendant Kashmir Hill, Defendant Siouxielaw.com, Defendant Jason Jones Salty Droid, Defendant Eric Turkewitz, Defendant Scott H. Greenfield, Defendant Carlos Miller, Defendant Tracy L. Coenen, Defendant Mulvihill and Rushie LLC,  Jeremy Steele, and John and Jane Doe's in order to shut down competing websites and blogs. And to harass, intimidate, defame, threaten, criminally endanger those who blow the whistle on them, expose them and stand up to them.

Defendant Marc Randazza has Criminally and Civilly Conspired with MPEG LA, Defendant Liberty Media Holdings, Defendant Corbin Fisher, Defendant Godaddy Inc., Defendant Peter L. Michaelson, Kenneth Rubenstein, Proskauer Rose Law Firm in suppressing / removing the iVewit Technology story in connection to Defendant Marc Randazza and his

clients Corbin Fisher, Liberty Media, John C. Malone, ATT, Time Warner Inc. using the iViewit Technology and owing iViewit Technology and Eliot Bernstein Billions of Dollars.

Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant David S. Aman of Tonkon Torp Law Firm and Defendant David Carr of the New York Times.

Upon knowledge, information and belief of Plaintiff Investigative Blogger Crystal L. Cox, Defendant David Carr of the New York Times wrote an article defaming Plaintiff Crystal L. Cox, painting me in false light, accusing me of extortion falsely and in this article, in criminal and civil conspiracy with Defendant Proskauer Rose, Defendant Marc Randazza, Warner Bros. Jeffrey Bewkes and other John and Jane Does, Defendant David Carr mentions the Investigative Blogs of Plaintiff Crystal L. Cox in regard to the iViewit Technology Story and Eliot Bernstein. Defendant David Carr of the Defendant New York Times deliberately defamed Plaintiff Crystal L. Cox in Order to Suppress the iViewit Story for and with Co-Conspirators. Defendant Marc Randazza has Criminally and Civilly Conspired with Defendant David Carr, and continues to promote the defamatory article painting Plaintiff Crystal L. Cox in false light, criminally endangering Plaintiff Crystal L. Cox, and defaming Plaintiff Crystal L. Cox.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Co-Conspirator, Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.  Defendants did the things here in maliciously and to oppress Plaintiff Investigative Blogger Crystal L. Cox. Plaintiff Investigative Blogger Crystal L. Cox is therefore entitled to all exemplary and punitive damage allowed by Law.
**MarcRandazza.me** was one of these Domain Names SEIZED by Defendant Marc J. Randazza with no Due Process to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein and no First Amendment Adjudication.

MarcRandazza.me was purchased by Pro Se Plaintiff Crystal L. Cox as a Parody, making fun of Defendant Marc J. Randazza. MarcRandazza.me was never a blog, MarcRandazza.me has made ad revenue by Godaddy yet in a fraud on the court RRR claims that Pro Se Plaintiff Crystal L. Cox made the ad revenue.  This domain name was SEIZED, Stolen.

**MarcRandazza.me** and the "taboo" domain were both parked at Godaddy and never had blogs. Godaddy Inc., Bob Parsons had ads on the parked pages yet Defendant Marc J. Randazza claims that Pro Se Plaintiff Crystal L. Cox did, knowing full well that Crystal Cox was not the one receiving ad dollars. Defendant Marc J. Randazza, with actual malice committed fraud on the court and lied regarding Pro Se Plaintiff Crystal L. Cox and domain names at Godaddy.

Godaddy Inc., Bob Parsons has Pattern and History in freely placing ads on Trademarked Parked Domain Names Godaddy Inc., Bob Parsons are IMMUNE from Legal Action and are able to make ad revenue hand over fist on trade names, trademarked names in a domain name, yet Godaddy Clients, Customers and Domainers are SUED by Attorneys such as Defendant Marc J. Randazza.

When a company, say, for example Walmart of Ford, or an Association Say, such as "Realtor" issue a cease and desist or sue a Godaddy Clients, Customers and Domainers for Trademark Infringement, they are satisfied as long as the Godaddy Clients, Customers and Domainers moves the Domain Name to a parked page, vs a blog. They deem the blog or website as stealing their traffic and redirecting their business, however, these companies such as Ford, Walmart, Realtors, as in the example, have no issue with Godaddy Inc., Bob Parsons making that ad dollar revenue of their good name, their trademarked name. This is unlawful, hypocritical, discriminating, unconstitutional and a violation of the legal rights of the Godaddy Clients, Customers and Domainers.

Pro Se Plaintiff Crystal L. Cox and business partner have been Godaddy Customers since 2005, for years having over 5000 domain names. We have executive account manager, received gifts from Godaddy and constant calls.

YET, when an unlawful, bully, hypocritical attorney such as Defendant Marc J. Randazza sues someone like us, a valuable Godaddy Client, Godaddy Inc., Bob Parsons not only sticks up for the attorney, Godaddy Inc., Bob Parsons breaks the laws and UDRP rules in changing servers and violating rights, conspiring with that attorney and against their own clients.

Godaddy sends emails trying to get you to buy domains, yes even trademarked names and names of OTHER PEOPLE. Godaddy gets ad dollars from parked domains even when a domainer is renew them, why? Because Godaddy is "Allowed" to make ad dollar money from PARKED, Trademarked Domain Names but Domainers are NOT.

Godaddy Inc., Bob Parson has been at this racketeering game for Years. Pro Se Plaintiff Crystal L. Cox will soon be naming Godaddy, Bob Parson, WIPO, Peter L. Michaelson, along with Defendant Marc J. Randazza and other co-conspirators and Defendants in a Federal RICO Complaint, a Criminal Complaint to the Attorney General and reporting to all authorities the activities of Godaddy, Bob Parson, WIPO, Peter L. Michaelson, along with Defendant Marc J. Randazza and other co-conspirators and Defendants.

Godaddy Inc., Bob Parson woos their clients at trade shows, sends them special gifts, emails offer non stop. And the biggest Godaddy Clients such as Investigative Blogger Plaintiff Crystal L. Cox, when our Domain Names are STOLEN, Godaddy conspires with the Intellectual Property Thieves and violates the rights of long term Godaddy Clients.

Godaddy Inc. lets' buyers spend money on Trademarked Domain Names, and Godaddy Inc.

Gives no refund. When Companies such as WALMART and Association such as REALTOR, send a Domainer a cease and desist, they are satisfied if the name is PARKED. Thing is the Domainer PAID for the Domain Names, renewed the Domain Name, Got the Domain Name found in the Search Engines and Godaddy GOT the Revenue from the PARKED Domain Names.

The Courts, WIPO, ICANN, they all side with the Trademark Owner, and AGAINST the Smart, Internet Savvy Domainer. So the Domainer pays for the Domain Name, Gets the Domain Name in the Search, then pays to litigated the loss of the Domain Name and GODADDY gets all the MONEY with NO Liability, EVEN though GODADDY is the One Selling Trademarked Domain Names. Godaddy Auctions Sell Trademarked Names, Domain Name Leasing Sites  Lease Trademarked Names and godaddy makes ad Dollars from the ads on the domain names, even the Trademarked ONES.

### Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA, is a fraud on the court using gang stalkers, lawyers who blog in a way to help each others "cases" succeed in who they deem should be the "WINNER".

Judges, such as Judge Gloria Navarro, as seen in the Preliminary Injunction Documents of Randazza v. Cox, call the blog posts of these gang stalking attorneys "legal commentary", then the posts are used to discredit Defendants (Victims), and used to steal intellectual property, chill free speech, violate intellectual property rights, violate first amendment rights, get BIG Settlements for Copyright Trolls, tamper with evidence, interfere with cases and all in the name of the Law and Justice and paid for by Public Tax Dollars.

Upon Knowledge and Belief, Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA pretends to be a lawsuit about Trademark issues, but that is yet another Fraud on the Court as Defendant/ Defendant Marc J. Randazza has no Trademark on Marc Randazza and the other defendants do not have Trademark's either. This is a Fraud on the Court, as Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA is really a Defamation Lawsuit brought on by a mad, revengeful, threatening, intimidating, unethical attorney attacking his ex-client, suppressing free speech and protecting current clients from 100 of Billions in Judgement Costs over the infringement of the iViewit Technology.

Defendant/ Defendant Marc J. Randazza has many advertising campaigns, blogs, letterheads, law cases, news appearances, pr blogs, and more that make him out to be a Constitutional Rights Lawyer, a Free Speech Lawyer, a Friend to Domainers, Against SLAPP Lawsuits, and therefore Defendant/ Defendant Marc J. Randazza claimed in the Randazza V Cox Complaint that this lawsuit is not about defamation and free speech in order to "save face" among his peers. Yet that Defamation, SLAPP, First Amendment Rights Violating, is EXACTLY what Randazza V. Cox is about.  Proven by the complete opposition to the original complaint of Defendant/ Defendant Marc J. Randazza, written by Co-Conspirator / Defendant Ronald D.

110



Green of Randazza Legal Group, in motion to strike the Complaint Answer of Pro Se Plaintiff Crystal L. Cox, as this motion claims that Pro Se Plaintiff Crystal L. Cox  continues to defame Defendant/ Defendant Marc J. Randazza. Yet Defamation was said to NOT be a Factor, ALLEGEDLY, according to the Original Complaint.

The Original Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA Complaint by Defendant/ Defendant Marc J. Randazza via Co-Conspirator / Defendant Ronald D. Green of Randazza Legal Group, also boldly claimed that Randazza v. Cox was in no way about suppressing the Free Speech of Crystal L. Cox, and that Defendant/ Defendant Marc J. Randazza had no issue, no problem with Plaintiff Crystal L. Cox posting on her blogs regarding Marc Randazza as long as it was on a domain name or .blogspot in which rrrr approved of and did not contain the name Randazza.


Yet in complete opposition of that, and in total violation of Due Process Laws, Civil and Constitutional Rights, and Intellectual Property Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, and in conspiracy with Judge Gloria Navarro, WIPO, Godaddy, Peter L. Michaelson and Ronald D. Green, this court, District of Nevada, issued a Preliminary Injunction which in fact did place a gag order on the blogs of Pro Se Plaintiff Crystal L. Cox, did suppress and silence the Free Speech of Pro Se Plaintiff Crystal L. Cox and was in direct opposite of the CLAIMED goals of the Randazza V. Cox Complaint.

IN a SHOCKING Motion to Strike the complaint answer of Pro Se Plaintiff Crystal L. Cox, all of the sudden the issue is raised by Ronald D. Green Co-Conspirator and Defendant that now Plaintiff is claiming that Pro Se Plaintiff Crystal L. Cox defamed him. YET in Original complaint Defendant/ Defendant Marc J. Randazza says, let me be CLEAR, this Lawsuit is NOT about Defamation, which CLEARLY it IS.

The Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PA Complaint poses as Family Protection, Trademark Protection but In FACT Randazza V. Cox Complaint is a Defamation Lawsuit, a Slapp Lawsuit, a Domain Name Seizure Lawsuit, a Constitutional Rights Suppressing Lawsuit, a Free Speech Chilling Lawsuit, a First Amendment Threat Lawsuit, a Fraud on the Courts, a mis-use of the courts, a total ethical violation and malpractice by Plaintiff Randazza who once represented Defendant Cox, a cover up and protection of gang stalking attorneys abusing the courts to unethically and illegally sway verdicts and settlements and cheat, violate their own clients in order to get the quickest highest pay check for themselves and other lawyers in their "attorney lynch mob" GANG.

The Marc Randazza Attorney Fraternity, a ring of attorney blogs, and also Forbes Kashimir Hill of AboveTheLaw.com and other clients of Randazza Legal Group, as well as CPA's and investigators such as Tracy L. Coenen, and they have an INTA - WIPO Insider Peter L. Michaelson helping them, as they intimidate witnesses and defendants, bully and control their own clients, deceive judges and courts, conspire to create "legal commentary" illusions that lead

to "SETTLEMENTS", and illegally affect the outcome of court cases and strong arm their own clients, as well as defendants, sources, porn industry whistleblowers,  porn industry insiders and those who threaten to expose them.

### Pro Se Plaintiff Crystal L. Cox has every legal lawful right to express her opinion of Defendant Marc J. Randazza.  Pro Se Plaintiff Crystal L. Cox has every right to satire, parody and make fun of Defendant Marc J. Randazza.

Pro Se Plaintiff Crystal L. Cox Specially Invokes  Gertz v. Robert Welch, 418 U.S. 323 (1974), and New York Times Co. v. Sullivan, 376 U.S. 254 (1964)
in her defense. this court, District of Nevada, RULED, Seized domain names, removed blogs and blog posts, removed thousands of links and gag order Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein without adjudication the first amendment in issues of this lawsuit.

Upon Knowledge and Belief, Defendant Marc J. Randazza is known for his defense of Parody Blogs, Satire Blog and the First Amendment Rights of Bloggers. Yet in a fraud on this court, District of Nevada,, Defendant Marc J. Randazza, in criminal and civil conspiracy with Godaddy, Judge Gloria Navarro, WIPO, Peter L. Michaelson, Randazza Legal Group, Ron D. Green and other Co-Conspirators and Defendants Defendant Marc J. Randazza has seized MarcRandazzaParody.com, ExposeMarcRandazza.com, MarcRandazzaIsAlyingAsshole.com, trollmarcrandazza.com, hypocritemarcrandazza.com, marcrandazzaviolatedmylegalrights.blogspot.com, marcrandazzafreespeech.blogspot.com, marcrandazzaegomaniac.blogspot.com, marcrandazza-asshole.blogspot.com, marcrandazzatips.blogspot.com, marcrandazzaabovethelaw.blogspot.com, marcrandazzaliedaboutcrystalcox.blogspot.com, fuckmarcrandazza.com, and other intellectual property of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein FOREVER Gone, and causing irreparable damage to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Defendant Marc J. Randazza defended the rights of his client to own GlenBeckRAPEDandmurderedaYOUNGGIRLin1990.com - yet in a first amendment rights violation, civil and constitutional rights violation, illegal, denial of due process, and fraud on the courts, Defendant Marc J. Randazza SEIZED mass intellectual property, domain names, blogs posts, and changes serves, deletes blogs and causes irreparable damage to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Upon Knowledge and Belief, Defendant Marc J. Randazza is known for his defense of "sucks" sites. Yet in conspiracy with this court, District of Nevada, SEIZES RandazzaLegalGroupSucks.com and MarcRandazzaSucks.com without First Amendment Adjudication, without Due Process, and in total violation of the Constitutional and Lawful Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Defendant Marc J. Randazza is known for his defense of "sucks" sites, and there is the Taubman Sucks Legal Case, and the book what would Google do, discussing sucks sites, yet Defendant Marc J. Randazza does not like, a blogger, a domainer buying, owning and blogging on the domain name **RandazzaLegalGroupSucks.com** and **MarcRandazzaSucks.com**, so Defendant Marc J. Randazza, in a Fraud on the Court ,and in criminal and civil conspiracy with Godaddy, Judge Gloria Navarro, WIPO, Peter L. Michaelson, Randazza Legal Group, Ron D. Green and other Co-Conspirators and Defendants Defendant Marc J. Randazza has seized RandazzaLegalGroupSucks.com and MarcRandazzaSucks.com and changed the servers, causing search engine removal, blogs removed, thousands of links to be removed and in total violation of the Constitutional and Lawful Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

MR Statement in the Steubenville lawsuit over blogger and anonymous comments settled

" Marc Randazza said in a statement.

"It's a win for free and anonymous speech -- the right to comment and criticize without fear of retribution is fundamental to the workings of our liberal democracy. It's a win for victims of sexual violence, some of whom have been emboldened to come forward after hearing of the allegations of sexual assault in Steubenville. And it's also a victory for Cody Saltsman, who has addressed this story head-on, in a mature and responsible manner, even though doing so risks blow-back from his peers.""

Defendant Marc J. Randazza has acted unlawful, hypocritical and unconstitutional as being quoted as defending "sucks" sites, yet conspiring with Judge Gloria M. Navvora to Seize RandazzaLegalGroupSucks.com, redirect thousands of links, change servers and ALL before Plaintiff Crystal L. Cox and Eliot Bernstein were allowed due process and BEFORE the First Amendment rights at issue were adjudicated.

### Defendant Marc J. Randazza and Co-Conspirators, Defendants have Civilly and Criminally Conspired to STOP Pro Se Plaintiff Investigative Blogger Crystal L. Cox from Appealing Obsidian Finance Group v. Crystal Cox in the NINTH Circuit Court of Appeals.

Marc J. Randazza, Kenneth P. White, Jason Jones, Jordan Rushie, Sean Tompkins, Philly Law Blog, Popehat.com, SaltDroid.info, Siouxsielaw.com, Sequenceinc.com, AboveTheLaw.com, Forbes, Kashmir Hill, NPR, Bob Garfield, NY Personal Injury Blog, Crime & Federalism Blog, Simple Justice, Ronald D. Green, J. Malcom Devoy, Randazza Legal Group, Tonkon Torp Law Firm, David S. Aman, Steven Wilker and other Co-Conspirators and Defendants have pressured Pro Se Plaintiff Investigative Blogger Crystal L. Cox to STOP her Ninth Circuit Appeal, and

conspired to remove massive content regarding the biggest technology theft in the world, the iViewit Technology by Co-Conspirators, Defendants, and others are involved in stealing and infringing on.

In December of 2011, Defendant Marc J. Randazza requested that I join him on a Conference call to discuss his representation of me, Crystal L. Cox in my Appeal of Obsidian Finance Group V. Crystal Cox.  On this first call, we discussed that he would represent me Pro Bono, however that would mean that I would have to come up with at least $5000 to start in order to pay for filing, printing, motels, time in CA for the appeal and other expenses that would come up.  This was to make the appeal seem daunting to Plaintiff Crystal Cox, as she had no money. And had just had a 2.5 Million Judgement against her, and this after fighting a lawsuit for a year and the massive amount of time and money this cost.

On this Attorney / Client Conference Call, Pro Se Plaintiff Investigative Blogger Crystal L. Cox told Marc Randazza her goals with the Appeal, discussed her strategy and future plans with the case, she also discussed the extortion accusations by the Plaintiff's Attorney David Aman and told Defendant Marc J. Randazza of Randazza Legal Group how false information was given to the New York Times and how the email sent to David Carr, New York Times Reporter was one of 5 that were a Settlement Negotiation AFTER a threat of a 10 Million Dollar Lawsuit and After a Lawsuit had been filed, the email was nearly a year old and was, at that time private Settlement Communications between Pro Se Plaintiff Investigative Blogger Crystal L. Cox in her Pro Se Capacity and Opposing Counsel David S. Aman of Tonkon Torp Law Firm. After David S. Aman of Tonkon Torp Law Firm WON the Trial regarding Obsidian Finance Group V. Crystal Cox

On this Attorney / Client Conference Call, Pro Se Plaintiff Investigative Blogger Crystal L. Cox told Marc Randazza that her objection was for the greater good and she was not interested in a settlement, that she wanted to do what was best for the Constitutional Rights of all Investigative Bloggers, Citizen Journalists, and Citizens.  On this Attorney / Client Conference Call, Pro Se Plaintiff Investigative Blogger Crystal L. Cox told Marc Randazza of the approx. 5 settlement offers by Plaintiff Obsidian Finance Group that would have got her out of the lawsuit many times over the prior year, and that she said no because they were not for the greater good. The last Settlement offer From Plaintiff to Plaintiff was 10 days before the Trial. Plaintiff Crystal Cox was not looking for an easy way out of the judgement, and Plaintiff Crystal Cox told her attorney Defendant Marc J. Randazza that.  Plaintiff, Counsel to Plaintiff Crystal L. Cox, took it upon himself to decide it was simply best to get the specifics of the ruling changed and get Defendant Cox out of the Judgement, Regardless what Plaintiff Crystal L. Cox told her that her goal was. Plaintiff Crystal L. Cox had represented herself for a year and had been a hard working investigative blogger for 7 years. Defendant Marc J. Randazza BULLIED Plaintiff Crystal L. Cox and ran over her rights to choose what she thought was best in her own case.

David Aman, Attorney for Plaintiff made Settlement Offer to me that would have me perjuring myself, lying about other people, and committing a crime. These settlement offers accused Mark Neuman Summit Principal and Bankruptcy Whistle Blower Stephanie DeYoung of Crimes. And

though it would have got me out of a 10 Million Dollar Lawsuit, it was not lawful, not moral and certainly not ethical.

I, Pro Se Plaintiff Investigative Blogger Crystal L. Cox REJECTED these offers with a clear mind, and clear objectives and sent rejection each time to David Aman, Attorney for Plaintiff  as to the reasons why. Yet my Attorney Defendant Marc J. Randazza thought it best to take my rights and power away and simply negotiate an end, a solution that he thought best and Defendant Marc J. Randazza, my Attorney, acting on behalf, left me completely out of the loop on the details of this negotiation.

Defendant Marc J. Randazza knew that the settlement offers had been unlawful and that I, Plaintiff Crystal L. Cox, his then client, had stated to him that these settlement offers were not of the best interest of ALL Citizen Journalists, Whistle Blower and Citizen's Free Speech Rights in general, yet Defendant Marc J. Randazza VIOLATED my rights, ran over my rights, and completely sidestepped his duty to his own client, Plaintiff Crystal L. Cox.

Defendant Marc J. Randazza of Defendant Randazza Legal Group had the objective of sabotaging my Ninth Circuit Appeal from the Start, and discrediting the iViewit Technology story to protect the 100 of Billions of Dollars to his clients Co-Conspirators Manwin, Corbin Fisher, Liberty Media Holdings and Other Co-Conspirators and Defendants.

Defendant Marc J. Randazza of Defendant Randazza Legal Group tried to negotiate a deal with Opposing Counsel David Aman that was in the Best interest of his other clients and to set a precedence that he could use in future case for high dollar clients.

Defendant Marc J. Randazza of Defendant Randazza Legal Group thought I, Pro Se Plaintiff Investigative Blogger Crystal L. Cox would sit down and shut up, would do as he told me to and treated me as if I had no mind, motive, or life mission of my own. Defendant Marc J. Randazza of Defendant Randazza Legal Group made his priorities the only ones that mattered and completely left me out of my own case and out of making decision in my own best interest and based on the very important goal of mine to fight for all Citizen Journalists and Investigative Bloggers First Amendment Rights. Pro Se Plaintiff Investigative Blogger Crystal L. Cox's goals were NOT to protect Defendant Marc J. Randazza of Defendant Randazza Legal Group 's future earning potential or the assets of his higher paying clients.

### Defendant Marc J. Randazza Negotiates Deal with Opposing Counsel on behalf of his Client Crystal Cox, without conferring with Client on Details of Deal.

After the original Attorney / Client Conference Call, Pro Se Plaintiff Investigative Blogger Crystal L. Cox sent Marc Randazza of Randazza Legal Group massive legal documents and other documents pertaining to Obsidian Finance Group V. Crystal Cox so that he could assess the case and come up with a plan of action. Marc Randazza of Randazza Legal Group then, acting

as Attorney, Counsel. Representing Plaintiff Crystal L. Cox, contacted David S. Aman of Tonkon Torp, the Attorney and negotiated a deal in order to somehow change the perimeters of the ruling in some way, it is still not clear to Pro Se Plaintiff Investigative Blogger Crystal L. Cox what the details of this deal were.

Upon Belief and Knowledge, Defendant Marc J. Randazza of Defendant Randazza Legal Group was negotiating a deal that would make it so that Plaintiff Crystal L. Cox, his then Client, would not go to the Ninth, and his clients, as well as the Free Speech Coalition and other John and Jane Doe's would benefit from the re-wording of the Ruling.

Plaintiff Crystal L. Cox did not feel that Defendant Marc J. Randazza of Defendant Randazza Legal Group was acting in her best interest nor was her Attorney Marc Randazza acting in a way in which she had expressed were her goals, and strategy for her case. Defendant Marc J. Randazza of Defendant Randazza Legal Group was violating attorney client ethics, violating the rights of Plaintiff Crystal L. Cox and was soon after FIRED by Plaintiff Crystal L. Cox. Plaintiff Crystal L. Cox, then Client of Defendant Marc J. Randazza of Defendant Randazza Legal Group's heard about this "negotiation" from Attorneys within the First Amendment Bar. Defendant Marc J. Randazza of Defendant Randazza Legal Group told people in the First Amendment Bar of his representation of me, and how he was handling "it".

Marc Randazza of Randazza Legal Group told members of the First Amendment Bar that he was working on negotiating a deal that would benefit  them all. Yet Defendant Marc J. Randazza of Randazza Legal Group, Plaintiff Crystal L. Cox's then attorney, did not tell his client Crystal Cox what the terms of this deal was.

**Pro Se Plaintiff Investigative Blogger Crystal L. Cox FIRED Defendant Marc J. Randazza of Randazza Legal Group, as her Legal Representation in negotiations with Opposing Counsel David Aman of Tonkon Torp, and her Ninth Circuit Appeal**

Upon Belief and Knowledge, Defendant Marc J. Randazza of Defendant Randazza Legal Group told people in the First Amendment Bar of his representation of me, and how he was handling it, and this prompted First Amendment Bar member, Attorney, Eugene Volokh, UCLA Professor of Constitutional Law to Contact Marc Randazza and offer support in the case, as it is a VERY Important Case to the First Amendment Rights of All, especially Investigative Bloggers, Whistle Blowers and Citizen Journalists. Defendant Marc J. Randazza of Defendant Randazza Legal Group and Professor Constitutional Rights Attorney Eugene Volokh discussed my case and discussed Defendant Marc J. Randazza's negotiations with Opposing Counsel David Aman of Tonkon Torp.  After this Call  Attorney Eugene Volokh contacted Plaintiff Crystal L. Cox and told her that he had spoke with my Attorney Marc Randazza, and they had spoke of a deal that may be negotiated with the Plaintiff, and to let him know if he can be of any assistance at all.



Upon Belief and Knowledge, This information, unbeknownst to Professor Eugene Volokh was disturbing to Plaintiff Crystal L. Cox, as she had no knowledge of the terms of the deal her then attorney Defendant Marc J. Randazza of Defendant Randazza Legal Group was negotiating .

Professor Eugene Volokh had assumed that I, Plaintiff Crystal L. Cox, was kept in the loop on the negotiations. After this Call I PROMPTLY eMailed My then Attorney Defendant Marc J. Randazza of Defendant Randazza Legal Group and copied the eMail to Attorney Eugene Volokh, UCLA Professor of Constitutional Law, as Exhibits of the Complaint Answer and Counter Complaint of Pro Se Plaintiff Investigative Blogger Crystal L. Cox clearly show. In this eMail from Client, Plaintiff Crystal L. Cox to her, then Attorney Marc J. Randazza, Plaintiff Crystal L. Cox **FIRES** Marc Randazza, and tells him that she will only proceed to the Appeal if Eugene Volokh will represent her. Eugene Volokh had to clear the possible representation in conjunction with Mayer Brown Law Firm, and I, Plaintiff Crystal L. Cox, had not yet had confirmation of that representation, or its real possibility. Still I, Plaintiff Crystal L. Cox FIRED Marc J. Randazza then and there, for disrespecting me, violating my constitutional and civil rights, violated attorney ethics, violating my legal rights and completely keeping the CLIENT out of the loop of "negotiations" allegedly on behalf of the client.

I,  Pro Se Plaintiff Investigative Blogger Crystal L. Cox am a Strong, Independent Woman. I had been defending myself for a year in the Obsidian Finance Group V. Cox Case and I knew EXACTLY what my goals were with MY CASE, and so did my then Attorney Defendant Marc J. Randazza of Randazza Legal Group, yet he went ahead and negotiated a deal with out his own client knowing the details and completely stripping me of my right to choose what was best for me. Therefore, I FIRED my ATTORNEY  Plaintiff / DefendantMarc J. Randazza of Randazza Legal Group.

### Defendant Marc J. Randazza of Randazza Legal Group Remained to be determined to STOP Pro Se Plaintiff Investigative Blogger Crystal L. Cox from following through with her Obsidian Finance Group V. Crystal Cox Ninth Circuit Appeal.

After Pro Se Plaintiff Investigative Blogger Crystal L. Cox FIRED her attorney,  Defendant Marc J. Randazza of Randazza Legal Group, Pro Se Plaintiff Investigative Blogger Crystal L. Cox hired Attorney Eugene Volokh, UCLA Professor and Portland Attorney Benjamin Souede. Plaintiff Crystal L. Cox then filed a Motion for a New Trial, aided by  Attorney Eugene Volokh, UCLA Professor and Portland Attorney Benjamin Souede.

Upon Belief and Knowledge, Attorney Defendant Marc J. Randazza of Randazza Legal Group, in a RAGE over, Plaintiff Crystal L. Cox buying MarcRandazza.com to provide Media/PR Services on her VERY important Free Speech Case and still Desperate to STOP Crystal Cox from being

successful in a Ninth Circuit Appeal of Obsidian V. Cox, took it upon himself to contact Opposing Counsel in the Obsidian Finance Group v. Crystal Cox Case, David Aman Tonkon Torp Law Firm, and proceed to offer to give testimony to set up his former client Plaintiff Crystal L. Cox for the crime of extortion, which never happened. So Opposing Counsel David Aman Tonkon Torp Law Firm and Attorney Defendant Marc J. Randazza of Randazza Legal Group met with or had a phone conference with Judge Marco Hernandez in regard to my alleged "extortion", these two attorney conspiring against me, one Plaintiff, was enough for the judge, in a CIVIL Trial, a Trial where there was no Extortion, and a defendant who had not been charged with Extortion, now was facing the DENIAL of a New Trial and the Judge's Opinion accusing distasteful activities and extortion.

This was picked up by the New York Times and many others and used to further defame me, Pro Se Plaintiff Investigative Blogger Crystal L. Cox and harm my chances at a fair and objective Ninth Circuit Appeal. Further harassment, defamation, intimidation by an attorney who once represented Plaintiff Crystal L. Cox on that same case.  (Malpractice)


Upon Belief and Knowledge, After the New Trial Denial that Defendant Marc J. Randazza saw to it was ruled in such a way, Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirators, Defendants, Jason Jones, Kashmir Hill, Jordan Rushie, Kenneth P. White, Mark Bennett, Scott H. Greenfield, Bob Garfield NPR, Eric Turkiwetz, Peter L. Michaelson WIPO Decision, and other gang stalking bloggers / co-conspirators and Defendants of Marc Randazza made yet another massive PR push to paint Pro Se Plaintiff Investigative Blogger Crystal L. Cox in false light and to have the general public believe Pro Se Plaintiff Investigative Blogger Crystal L. Cox is GUILTY Of the Crime of Extortion, when Plaintiff Crystal L. Cox was NEVER on Trial for Extortion, Plaintiff Crystal L. Cox was never under investigation for extortion, Plaintiff Crystal L. Cox never committed extortion, Plaintiff Crystal L. Cox never had a criminal complaint filed for Plaintiff Crystal L. Cox. Yet Defendant Marc J. Randazza of Randazza Legal Group, Co-Conspirators, and Defendants has the whole world believing that Pro Se Plaintiff Investigative Blogger Crystal L. Cox is GUILTY of Extortion.

**No Trial, No Complaint, No Due Process** just Originating from Two Attorneys Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirator, Defendant David S. Aman of Tonkon Torp Law Firm with the aid of Co-Conspirator, Defendant Forbes Kashmir Hill and Co-Conspirator, Defendant New York Times David Carr as the BIG MEDIA Push. No Court needed, No Judge and Jury Needed, just Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirator, Defendant David S. Aman of Tonkon Torp Law Firm and a gang of attorney bloggers, to paint Pro Se Plaintiff Investigative Blogger Crystal L. Cox in False Light and to Defame, Harass, Intimidate, Violate, Criminally Endanger and STOMP the Free Speech Rights of Pro Se Plaintiff Investigative Blogger Crystal L. Cox.

This all was quite timely, as after all this pressure, intimidation, harassment, defamation to Pro Se Plaintiff Investigative Blogger Crystal L. Cox by Defendant Marc J. Randazza of Randazza

Legal Group and Co-Conspirators; Defendant/ Co-Conspirator David S. Aman of Tonkon Torp made another settlement offer to Plaintiff Crystal L. Cox, this time through her attorney Eugene Volokh. And AFTER Plaintiff Crystal L. Cox's Ninth Circuit Appeal was already filed. Defendant Marc J. Randazza of Randazza Legal Group and Co-Conspirators, Defendants had thought they had intimidated, scared, threatened Plaintiff Crystal L. Cox enough to make her take a deal and back off of her Ninth Circuit Appeal, Plaintiff Crystal L. Cox REJECTED the Settlement Offer.

Upon Belief and Knowledge, In June of 2012 Defendant Marc J. Randazza of Randazza Legal Group filed a harassing, baseless, intimidating Czech Arbitration Court Domain Name Dispute against Plaintiff Crystal L. Cox and Eliot Bernstein.  Sometime after, Defendant Marc J. Randazza of Randazza Legal Group cancelled the complaint after making cc jump through massive and expensive hoops.

Then Defendant Marc J. Randazza of Randazza Legal Group filed a WIPO Complaint against Plaintiff Crystal L. Cox and Eliot Bernstein, this time criminally and civilly conspiring with INTA member, WIPO Panelist Peter L. Michaelson to ensure his Victory. Defendant/ Co-Conspirator Sole WIPO Panelist Peter L. Michaelson not only illegally, unethically granted Defendant Marc J. Randazza of Randazza Legal Group domain names, intellectual property of Plaintiff Crystal L. Cox and Eliot Bernstein but Defendant/ Co-Conspirator Sole WIPO Panelist Peter L. Michaelson also publicly announced the WIPO Decision which accused Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein of Criminal Activity, of Extortion and seriously defamed, harassed, and commit fraud against Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein.

Upon Belief and Knowledge, Defendant/ Co-Conspirator Sole WIPO Panelist Peter L. Michaelson had / has massive conflicts of interest that were undisclosed to Pro Se Plaintiff Investigative Blogger Crystal L. Cox. As Defendant/ Co-Conspirator Sole WIPO Panelist Peter L. Michaelson is connected to and acting in Criminal and Civil Conspiracy with Defendant/ Co-Conspirator Greenberg Traurig, Defendant/ Co-Conspirator Judith Kaye, Defendant/ Co-Conspirator Proskauer Rose, Defendant/ Co-Conspirator John C. Malone, Defendant/ Co-Conspirator Liberty Media, Defendant/ Co-Conspirator Defendant Marc J. Randazza, Defendant/ Co-Conspirator Randazza Legal Group, Defendant/ Co-Conspirator Francis Gurry, and other John and Jane Doe Defendants / Co-Conspirators.

Still trying to STOP the Ninth Circuit Appeal of Pro Se Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc J. Randazza of Randazza Legal Group counselled / advised Co-Conspirators, Defendants David S. Aman, Steven Wilker and Tonkon Torp Law Firm on how to file Judgements in such a way to SEIZE the Obsidian Finance Group V. Crystal Cox Appeal Rights of Pro Se Plaintiff Investigative Blogger Crystal L. Cox . Defendant Marc J. Randazza is an expert in this type of legal action, as it was HIGHLY common in the State of Florida before it became Illegal there.

**The Following is a List of known PR, Media, Attorney Bloggers, Journalist who are involved in Criminal and Civil Conspiracy with Marc Randazza.** I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Investigate these individuals in connections with Defendant Marc J. Randazza and using media, blogs, to threaten, harass, and intimidate whistleblowers aKa whistleblower retaliation.

Bob Garfield NPR, Kashmir Hill Forbes, Jordan Rushie Philly Law Blog, David Carr New York Times, Kenneth P. White Popehate.com, Jason Jones SaltyDroid.info, **SiouxsieLaw.com, SequenceInc.com Tracy Coenen, and** John and Jane Doe's to be added to this Federal Investigation at a later date.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of the connection of Righthaven Receiver Lara Pearson with Defendant Marc J. Randazza and Opposing Counsel in Obsidian V. Cox.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, send all information, documents, exhibits of this case to the FBI, Department of Justice, SEC, Nevada Attorney General, California Attorney General, Washington Attorney General, U.S. Attorney General, FCC and there be an Investigation into the Criminal and Civil Conspiracy involving Defendant Marc J. Randazza.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of Mafia and other Organized Crime Connections connected to Defendant Marc J. Randazza.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of  the possible murder of Donny Long, and associated Criminal and Civil Conspiracy.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of Godaddy Inc. in Civil and Criminal Conspiracy with Defendant Marc J. Randazza to steal intellectual property, redirect massive online content worth millions and Civilly and Criminal Conspiracy with Defendant Marc J. Randazza to deceive Godaddy Clients and to intimidate, harass, and place those clients under extreme duress, and violate their criminal, civil and constitutional rights.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of the Civil and Criminal Conspiracy with Defendant Marc J. Randazza to suppress information regarding the iViewit Stolen Technology. And I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, investigate Proskauer Rose Law Firm, Kenneth Rubenstein, Hon. Judith Kaye, Peter L. Michaelson, MPEG LA, and all related parties, John and Jane Doe's to be added to this investigation.

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of  the car bombings of the iViewit Inventors, and the attempted murders associated with the iViewit Case..

I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, Notify Authorities / Investigators of the Criminal and Civil Conspiracy of Defendant Marc J. Randazza, the INTA, WIPO and WIPO Panelist Peter L. Michaelson.

State of Nevada Case 2:12-cv-02040-GMN-PAL lawsuit was initiated specifically for the purpose of creating a chilling effect and is a Strategic Lawsuit Against Public Participation, or "SLAPP" suit.

State of Nevada Case 2:12-cv-02040-GMN-PAL is a Violation of Plaintiff and Eliot Bernstein's First Amendment Rights, Freedom of Speech, Freedom of Expression ( Article 19 of the Universal Declaration of Human Rights and recognized in international human rights law in the International Covenant on Civil and Political Rights (ICCPR). Article 19 of the ICCPR) and a Violation of our Civil Rights, Due Process Rights, Intellectual Property Rights, and is a Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18, and Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985), and a Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law Violation of Law and the Legal, Constitutional Rights of Plaintiff and Eliot Bernstein.

State of Nevada Case 2:12-cv-02040-GMN-PAL, Defendant Marc J. Randazza and
Co-Conspirators / Defendants have violated Title 18, U.S.C., Section 241
Conspiracy Against Rights.

This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same).

It further makes it unlawful for two or more persons to go in disguise on the highway or on the premises of another with the intent to prevent or hinder his/her free exercise or enjoyment of any rights so secured.

### It is a Crime to Willfully Deprive Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein of their rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

State of Nevada Case 2:12-cv-02040-GMN-PAL, Defendant Marc J. Randazza and
Co-Conspirators / Defendants have violated  Title 18, U.S.C., Section 242

Deprivation of Rights Under Color of Law

This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race.

Acts under "color of any law" include acts not only done by federal, state, or local officials within the bounds or limits of their lawful authority, but also acts done without and beyond the bounds of their lawful authority; provided that, in order for unlawful acts of any official to be done under "color of any law," the unlawful acts must be done while such official is purporting or pretending to act in the performance of his/her official duties. This definition includes, in addition to law enforcement officials, individuals such as Mayors, Council persons, Judges, Nursing Home Proprietors, Security Guards, etc., persons who are bound by laws, statutes ordinances, or customs.

Punishment varies from a fine or imprisonment of up to one year, or both, and if bodily injury results or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined or imprisoned up to ten years or both, and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined

### Provisions against Conspiracies to Interfere with Civil Rights (42 U.S.C. § 1985)

42 U.S.C. § 1985 grants a civil cause of action for damages caused by various types of conspiracies aimed at injuring a person in his/her person or property, or denying him/her a Federal right or privilege.  § 1985 mainly deals with three instances of conspiracy: those aimed at preventing an officer from performing his/her duties; those aimed at obstructing justice by intimidating a party, witness, or juror; and those aimed at depriving a person's rights or privileges.

According to 42 U.S.C. § 1985(2) two or more persons are said to have conspired to obstruct justice by intimidating a party, witness, or juror if such persons conspire:

to deter, by force, intimidation, or threat, any party or witness in any court proceedings from attending court;

to deter, by force, intimidation, or threat, any party or witness in any court proceedings from testifying to any matter freely, fully, and truthfully;

to injure any party or witness in his/her person or property for having attended or testified in a court proceeding;

to influence the verdict, presentment, or indictment of any juror in any court;

to injure any juror in his/her person or property on account of any verdict, presentment, or indictment lawfully agreed by him/her as a juror;

42 U.S.C. § 1985(2) also state that two or more persons will be considered to have conspired to impede, hinder, obstruct, or defeat, the due course of justice if such persons conspire to:

deny to any citizen the equal protection of the laws; or injure him/her or his/her property for lawfully enforcing the right of any person, or class of persons, to the equal protection of the laws. Finally, by virtue of 42 U.S.C. § 1985(3) two or more persons are said to have conspired to deprive a third person's rights or privileges if such persons conspire to:

go in disguise on the highway or on the premises of another, for the purpose of depriving, any person or class of persons of the equal protection of the laws, or the equal privileges and immunities provided under the laws;

prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote as an elector in the election of President or Vice-President, or members of Congress;

injure any citizen in person or property on account of  support or advocacy rendered to voters in the election of President or Vice-President, or members of Congress.

If as a result of the conspiracy, one or more persons are injured in person or property, or is deprived of any of their rights or privileges, the party so injured or deprived may have an action for the recovery of damages, against the conspirators.  However, it is necessary that a plaintiff suing under 42 U.S.C. § 1985 should show the existence of a conspiracy. The existence of a conspiracy may also be inferred from the surrounding circumstances.

State limitation periods apply to actions brought pursuant to 42 U.S.C. § 1985.  The plaintiff must plead facts with specificity and particularity.  Nominal, compensatory, and punitive damages are available to successful § 1985 plaintiffs.


**Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18**


Official Misconduct

Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18 is the civil rights conspiracy statute. Section 241 makes it unlawful for two or more persons to agree together to injure, threaten, or intimidate a person in any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the Unites States, (or because of his/her having exercised the same). Unlike most conspiracy statutes, Section 241 does not require that one of the conspirators commit an overt act prior to the conspiracy becoming a crime. The offense is punishable by a range of imprisonment up to a life term or the death penalty, depending upon the circumstances of the crime, and the resulting injury, if any. Deprivation of Rights Under Color of Law, 18 U.S.C. § 242. This provision makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within the their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prisons guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim.


**Defendant / Alleged Co-Conspirator Judge Gloria Navarro is alleged by Pro Se Plaintiff Crystal L. Cox to be acting in criminal and civil conspiracy with Defendant Marc J. Randazza and ALL Connected Co-Conspirators and Defendants in direct harm to Pro Se Plaintiff Crystal L. Cox.**

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has issued an ORDER, to NOT Disqualify herself in rulings regarding Pro Se Plaintiff Crystal L. Cox, even though Defendant / Alleged Co-Conspirator Judge Gloria Navarro has not admitted or denied a conflict of interest in the legal matters and has seemed to aid and abet Defendants Randazza Legal Group, Marc J. Randazza, and Ronald D. Green in other cases where Defendant / Alleged Co-Conspirator Judge Gloria Navarro has ruled allegedly unlawful and unconstitutional against defendants in those cases and at great financial gain to Plaintiff and Plaintiff's attorney in those cases, in order to favor Defendants Randazza Legal Group, Marc J. Randazza, and Ronald D. Green. Cases such as and not limited to "ViaView, Inc. v. Chanson et al", "Randazza V. Cox", "Liberty Media Holdings LLC v. FF Magnat Limited",  and The Righthaven Lawsuits.

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has refused to answer the question of what law states that a Judge can rule on Disqualifying, Removing, Reclusing themselves.

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has Denied, Banned Pro Se Plaintiff Crystal L. Cox from filing Counterclaims in her court against Defendants / Alleged Co-Conspirators.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has violated my lawful rights, violated my constitutional rights, put my life in danger, put my business in danger, denied me rights to due process and has continually favored Las Vegas Law Firm Defendant Randazza Legal Group, Defendant Ronald D. Green Defendant, Attorney Marc J. Randazza.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has a pattern and history of favoring this particular Law Firm, Such as in the Righthaven Case where she froze bank accounts so that Defendant Marc Randazza could get PAID, and in the ViaView case, Defendant / Alleged Co-Conspirator Judge Gloria Navarro also issued Preliminary Injunctions favoring Randazza Legal Group, against, me, Pro Se Plaintiff Crystal Cox which enabled Defendant Marc Randazza to delete thousands of links from my blogs, remove my blogs, steal my domain names and redirect domain name servers and thereby RUIN my life's work, wipe out my online media, destroy my intellectual property and cause me, Pro Se Plaintiff Crystal Cox irreparable harm, damage and future damage.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has acted in such a way that is in conspiracy with Defendants and what seems to be in violation of the constitutional rights of Randazza Legal Group's targets, victims, especially Pro Se Plaintiff Crystal Cox, me.

Upon my Knowledge and Belief Defendant / Alleged Co-Conspirator Judge Gloria Navarro has worked with Plaintiff and Attorney Defendant Ronald Green Before, and seems to have a pattern and history of giving them what they want, especially unconstitutional Preliminary Injunctions. Upon my Knowledge and Belief  Defendant / Alleged Co-Conspirator Judge Gloria Navarro has worked with Ronald Green on issues with the City of Las Vegas, and has connection to Governor Santos which present undisclosed conflicts of interest in this case.

Defendant / Alleged Co-Conspirator Judge Gloria Navarro has denied the rights of due process and constitutional rights of Pro Se Plaintiff Crystal L. Cox in alleged conspiracy with Defendants / Co-Conspirators of this complaint.

**Defendant Ronald D. Green left a large law firm, Defendant Greenberg Traurig LLP, around July of 2012, in direct effort to Sabotage the online Media of Plaintiff, Investigative Blogger Crystal Cox who was reporting on the biggest Technology Theft in the World, the iViewlt Technology Theft. Of which Greenberg Traurig LLP is a named Defendant and has at Trillion Dollar Liability, as does the current clients of Defendant Ronald D. Green, alleged Co-Conspirator Defendant John C.**

**Malone and Defendant Liberty Media Holdings and all media companies owned by Liberty Media in which infringe on the iViewit Video Technology.**

Defendant Greenberg Traurig LLP is named in the iViewit SEC Complaint, iViewit RICO Complaint and massive legal action relating to the iViewit Technology Theft. Defendant Ronald D. Green was at Defendant Greenberg Traurig LLP and knows full well of the massive, undisclosed liability that Defendant Greenberg Traurig LLP has in regard to Eliot Bernstein and the iViewit Technology Company.  This is a massive Conflict and Randazza Legal Group, Defendant Ronald D. Green should NOT be representing his boss, Plaintiff Marc Randazza in this matter.

Defendant Ronald D. Green, left Defendant Greenberg Traurig LLP for Defendant Randazza Legal Group, to intentionally, deliberately be in a position to sabotage Eliot Bernstein and the Investigative Blogger reporting on the iViewit Technology Story, Plaintiff Crystal L. Cox.

Upon my Knowledge and Belief, Defendant Ronald D. Green, formerly with Defendant Greenberg Traurig LLP was sent to work at Randazza Legal Group by Defendant Greenberg Traurig LLP in order to sabotage Eliot Bernstein, by way of removing the blogs and online media of Plaintiff Crystal L. Cox .

Defendant Greenberg Traurig LLP filed legal action against the estate of Eliot Bernstein's father in September of 2012, just after Defendant Ronald D. Green left Defendant Greenberg Traurig LLP to work with Randazza Legal Group, and a few months before Defendant Ronald D. Green sued Eliot Bernstein and Crystal Cox in order to remove their online platforms reporting on the iViewit Technology Theft.

### I, Crystal L. Cox, in my Pro Se Capacity state the following:

Defendant Marc Randazza threatened that he would ruin me if I made an enemy of him. Marc Randazza's friends have threatened my knee caps, publicly humiliated and defamed me. Marc Randazza accused me of a crime in big media in which I was never charged with through proper legal channels.  Marc Randazza has exposed women in the Porn Industry who have given me tips and gave their home address and car identification information in public forums.

Defendant Marc Randazza has himself cohearsed me to STOP my appeal to the Ninth Circuit in Obsidian V. Cox and Marc Randazza has had his friends, attorney bloggers, and big media intimidate me in order to pressure me to stop my appeal process. Marc Randazza told me in our first consult where he was to be my attorney, that those in the tip of the Porn Industry contacted him and said what are you going to do about Crystal Cox, I have 2 witnesses to this phone call.

Defendant Marc Randazza offered to be my attorney in my Obsidian V. Cox appeal and then used privileged information to conspire with the Plaintiff in that Case. Marc Randazza continues

to harass me, have his friends threaten me, use big media to intimidate me and I am in fear of my life and quality of life of Marc Randazza and all attorneys of Randazza Legal Group.

Defendant Marc Randazza also has known Mafia / Organized Crime ties which I will address in this legal action, as we move forward. Marc Randazza has abused his power as an attorney and I am in fear of his connections.

That being said, I will not confer in any private meetings or private phone calls with an attorney from Randazza Legal Group. All communications with Plaintiff / Defendant are requested to be through this court, District of Nevada,, as a hearing where by Defendant has some sense of legal and physical protection.

I, Crystal L. Cox, in my Pro Se Capacity have informed this court, District of Nevada, of my life endangerment and have not been protected in any way.

**I, Crystal L. Cox, in my Pro Se Capacity state the following: My Life is in danger, my Career is in Ruins, I am daily harassed, defamed and threaten as are my sources. The life of my Sources are in Danger, I Request this court, District of Nevada, Give me Protection and notify the proper authorities.**


## Defendant Marc J. Randazza Negotiated as Plaintiff Crystal Cox's Attorney then Defamed me, attacked me, sued me, lied about me, intimidated me, Retaliated against me, Crystal Cox.

I, Plaintiff Crystal Cox, believe that Defendant Marc J. Randazza  was sent in by Co-Conspirators to sabotage my case and keep me, Plaintiff Crystal Cox, from my Ninth Circuit Appeal.

Defendant Marc J. Randazza had a phone conference with me, Plaintiff Crystal Cox, regarding representing me, as my attorney, in my Ninth Circuit Appeal of Obsidian V. Cox. Then I, Plaintiff Crystal Cox send him my files, documents, and discussed my strategy with Defendant Marc J. Randazza and gave Defendant Randazza private information, personal information, privileged information regarding my case, my business, my negotiations, my dealing throughout Obsidian V. Cox and in moving forward.

Defendant Attorney Marc J. Randazza initiated contact with Opposing Counsel in Obsidian v. Cox, David S. Aman, and began to negotiate a deal on Plaintiff Crystal Cox's behalf, and acting as Crystal Cox's Attorney, eMail records show this, as would an Affidavit from UCLA Professor, Eugene Volokh, First Amendment Bar Attorney, who told me that Defendant Marc J. Randazza had told members of the First Amendment Bar that he represented me, and was negotiating a deal with Opposing Counsel in Obsidian v. Cox, David S. Aman on my behalf.

Defendant Marc J. Randazza never told Plaintiff Crystal Cox what the terms of this negotiation with Opposing Counsel was, and treated me, Plaintiff Crystal Cox with disrespect. After I found out about Defendant Marc J. Randazza acting as my attorney with no contract and no conflicts check as promised, negotiating a deal he had not discussed with me, and telling other attorneys that he had it handled and he represent me, I, Plaintiff Crystal Cox, was so upset, I respectfully emailed Defendant Marc J. Randazza and copied Attorney Eugene Volokh on the eMail and I fired Defendant Marc J. Randazza as my attorney, and let him know that he DID NOT represent me, Plaintiff Crystal Cox.

Defendant Marc J. Randazza had no signed agreement to represent me, had not told me of a conflicts check he was suppose to be performing before he would agree to represent me, Plaintiff Crystal Cox, yet Defendant Marc J. Randazza was, INDEED, negotiate on my behalf, with my files and my privileged information and strategy and preventing other Attorneys from taking my case by telling them that he, Defendant Marc J. Randazza represented me, Plaintiff Crystal Cox.

If it had not been for the honesty and integrity of UCLA Professor, Eugene Volokh, First Amendment Bar Attorney, I, Plaintiff Crystal Cox would not have known what Defendant Marc J. Randazza was up to, and would have lost my chance at appealing to the Ninth Circuit, as time was running out, and Defendant Marc J. Randazza was chasing off other Attorneys, not communicating with me, the Client and thereby causing me irreparable harm in a case where I had / have a $2.5 Million Dollar Judgement Against Me.

After I fired Defendant Marc J. Randazza, or let him know that he would not represent me, Plaintiff Crystal Cox. He "acted" as if he was fine about my choice. Yet months later when I asked him for a job, and told him of a domain name I had bought to do PR on my case, MarcRandazza.com, and I could use to promote him if he wanted, and asked if he knew anyone needing marketing as I was in need to make a living, and was good / am good at Internet Marketing.

I purchased MarcRandazza.com, because I thought he was going to be my attorney, the Domain Name was available and it was the best keyword rich domain name for PR on a case where he would be my attorney. I learned that over 7 years of Search Engine Marketing courses, newsletters, books, seminars and tradeshows.

Defendant Marc J. Randazza was very upset that I had purchased MarcRandazza.com, he demanded that I give him the Domain Name, I refused, he offered to buy the domain name and I, Plaintiff Crystal Cox, said I did not want to sell it at any price, as the record shows. He threatened to make me his Enemy if I did not give him the Domain Name, I, Plaintiff Crystal Cox, refused as he was bullying me and violating my rights.

Upon my knowledge and belief, in Retaliation, and still seeking to Stop my Ninth Circuit Appeal, Defendant Marc J. Randazza again contacted Opposing Counsel in Obsidian V. Cox, and this time offered to conspire with Tonkon Torp Attorney, Defendant David S. Aman, Opposing Counsel and flat out lie to a Federal Judge telling this Judge that I Plaintiff Crystal Cox had extorted them, and therefore don't deserve a new trial. The Judge interpreted this into his Ruling, and the New York Times and other Media, large and small picked the story up, they interviewed.

Instead of Defendant Marc J. Randazza and Defendant David S. Aman filing a criminal complaint and giving Plaintiff Crystal Cox due process in a court of law, Defendant Attorney Marc J. Randazza and Defendant Attorney David S. Aman SIMPLY told big and small media, radio and bloggers that I, Plaintiff Crystal Cox was Guilty of Extortion and they all published this Defamatory Statement with actual malice, and knowledge that it was not true.

Defendant David S. Aman had already gave the Seattle Weekly, the New York Times, Forbes and other media outlets, an email I, Plaintiff Crystal Cox had sent him in response to a Legal Threat he sent me and after he filed a 10 Million Dollar Lawsuit against me, Crystal Cox. The email Defendant David S. Aman gave the Media was a part of one eMail out of 5 eMails in a Settlement Negotiation between me Crystal Cox, in my Pro Se Capacity and Opposing Counsel Defendant David S. Aman. With all the eMails, and knowledge of the Legal Threat and date of the Lawsuit being filed, it would be easy to see that there was no crime of Extortion, Defendant David S. Aman had this knowledge BEFORE he spread defamatory information regarding Plaintiff Crystal Cox, and so did Defendant Marc J. Randazza.

Defendant David S. Aman, deliberately, with actual malice, maliciously defamed me in all manner of media outlets, AFTER he already won a $2.5 Million Dollar Judgement Against me, just to retaliate against me, Plaintiff Crystal Cox, incite hate, ruin my business, ruin my life and cause me irreparable damage based on a lie.

Defendant David S. Aman and Defendant Marc J. Randazza accused me of Extortion in all manner of media and publications, and I, Plaintiff Crystal Cox was not on trial for the Crime of Extortion, in fact the trial was a Civil Trial and Extortion was not a material fact of the Trial. I, Plaintiff Crystal Cox was not under official investigation of Extortion nor had I ever been. I was not prosecuted for the Crime of Extortion, nor given due process of any kind for this accusation. Yet Defendants Kashmir Hill of Forbes, Defendant David Carr of the New York Times, Defendant Jordon Rushie of Philly Law Blog, Defendant Tracy Coenan and other Defendants, Co-Conspirators published that I was an Extortionist, guilty of Extortion, this is malicious defamation, with knowledge of it's falsehood.

Upon my knowledge and belief, In the Summer of 2012, Defendant Marc J. Randazza, conspired with Defendant David S. Aman, in an attempt to seize what they deemed to be my assets, and Defendant Marc J. Randazza, recommended an attorney, Lara Pearson, to be the "Receiver" who had helped him in the Righthaven Receivership in his Las Vegas Case against Righthaven, whereby Defendant Judge Gloria M. Navarro had frozen accounts to make sure that Defendant

Marc J. Randazza got paid. The Obsidian Court Docket shows that Lara Pearson was requested from a Portland Oregon Attorney, David S. Aman to be a Receiver in the Alleged Assets of Plaintiff Crystal Cox.

Defendant Marc J. Randazza, conspired with Defendant David S. Aman, continually to harass me, Plaintiff Crystal Cox , defame me, intimidate me and ruin my life and business.

Upon my knowledge and belief,  In May of 2012, 6 months after the Obsidian V. Cox Trial Defendant Marc J. Randazza, conspired with Defendant David S. Aman, to get Eliot Bernstein onto the Obsidian V. Cox Docket. To this day, Eliot Bernstein, iViewit Founder, is a named defendant on the Docket of Obsidian Finance Group v. Crystal Cox, yet he was placed there in defamatory threatening conspiracy 6 months after the Obsidian Finance Group v. Crystal Cox trial was over. And months after the Obsidian Finance Group v. Crystal Cox Appeal had been filed in the Ninth by Attorney Eugene Volokh.

Upon my knowledge and belief, Defendant Marc J. Randazza, kept up his malicious behavior in flat out lying to WIPO, in order to take Plaintiff Crystal Cox and Eliot Bernstein's Domain Names and wipe out online content exposing him and making fun of him, plus reporting on the world's biggest technology crime, iViewit, which is a massive liability to the clients of Defendant Marc J. Randazza, who are also named defendants in this complaint. Defendant Marc J. Randazza told WIPO that Plaintiff Crystal Cox and Eliot Bernstein were guilty of Extortion, Defendant Peter L. Michaelson WIPO Panelist granted Defendant Marc J. Randazza the domain names in the complaint. In Defendant Peter L. Michaelson's published decision of this WIPO action, he flat out accused Plaintiff Crystal Cox and Eliot Bernstein of the Crime of Extortion, and did so with actual malice as I, Plaintiff Crystal Cox had provided him information, and he knew that nor I, Crystal Cox or Eliot Bernstein had been on trial for, under investigation for or convicted of the Crime of Extortion. Yet Defendant Peter L. Michaelson WIPO Panelist publically, deliberately, intentionally, maliciously DEFAMED Plaintiff Crystal Cox and Eliot Bernstein in a document that is published around the world, in legal documents, big and small media outlets, blogs and more.

Upon my knowledge and belief, Defendant Marc J. Randazza kept up his malicious retaliation of me, Plaintiff Crystal Cox, and in the Fall of 2012 negotiated with Defendant David S. Aman again, this time Defendant Marc J. Randazza advised Defendant David S. Aman on how to SEIZE, my right to Appeal Obsidian V. Cox in the Ninth, this after my Appeal was mid way through the Brief Filings, the records show this clearly.

Also in the Fall of 2012 Defendant Marc J. Randazza SUED Plaintiff Crystal Cox in order to remove my blogs, and to flat out steal my domain names, via a Preliminary Injunction awarded by Defendant Judge Gloria M. Navarro.

**In the Florida Appellate Case No. 3D12-3189, Marc J. Randazza fights for his own client against Preliminary Injunctions.**

Upon Belief and Knowledge Defendant Marc J. Randazza claims that it's a violation of first amendment rights, and that the First Amendment must be adjudication first, yet he does just the opposite in this case to seek Revenge on a Former Client, to Suppress My Online Free Press Blogs, and to Retaliate Against Whistle Blowers Exposing his connections to Prostitution Rings and to the fact that his clients are infringing on the iViewit Video Technology.

Injunctive relief to prevent actual or threatened damage is heavily disfavored because it interferes with the First Amendment and amounts to censorship prior to a judicial determination of the lawlessness of speech. See Moore v. City Dry Cleaners & Laundry, 41 So. 2d 865, 872 (Fla. 1949). "The special vice of prior restraint," the Supreme Court held, "is that communication will be suppressed... before an adequate determination that it is unprotected by the First Amendment". Pittsburgh Press Co v. Pittsburg Comm'n on Human Relations, 413 U.S. 376, 390 (1973). Also se Fort Wayn Books Inc. v Indiana, 489 U.S. 46, 66 (1989); M.I.C., Ltd v Bedford Township, 463 U.S. 1341, 11343 (1983.)

In this case, the Nevada Court has skipped the step of adjudicating the First Amendment protection relevant to the speech at issue. Prior Restraints are Unconstitutional.
Also see Post-Newswek Stations Orlando, Inc. v. Guetzlo.

"RKA sought extraordinary relief in the form of prior restraint to enjoin .. . This relief is not recognized in this State, nor anywhere else in the Country.  In addition to ignoring the First Amendment Rights and almost a century's worth of common law, the .. court ignored virtually all procedural requirements for the issue of a preliminary injunction." Page 5 Paragraph ii of Opening Brief Appellate Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al., Appellees. Attorney for Appellant Marc J. Randazza Florida Bar No. 325566, Randazza Legal Group Miami Florida.  This case is now hereby referenced herein, in it's entirety.

Clearly Defendant Marc J. Randazza and Attorney Defendant Ronald D. Green are involved with Defendants / Co-Conspirators to retaliate against whistle blowers, and to Suppress Information Online in which exposes their illegal prostitution rings, and their clients infringing on a 13 Trillion Dollar Video Technology. And that they are not operating in a matter of law and justice seeking.

Defendant Marc J. Randazza and Attorney / Defendant Ronald D. Green SUED Me. They used their Internet Mobbing gang of attorney bloggers to create legal commentary on this case, before they served me. They used the court docket as their personal way to disgrace me, humiliated me and Eliot Bernstein and to harass me.

They did this before I had a chance to defend myself. And on top of that, they have deleted massive blogs, stolen domain names and violated my rights, all without due process or first amendment adjudication. Then they threaten to come to my town, they taunt me, intimidate me and put me under constant duress, along with my sources and then claim to this court that, in my fighting back, I am, somehow using the court docket to defame them.  I have never told anyone EVER that I would stop posting anything if they paid me. This is a flat out lie to this court, and further abuse of the courts to intimidate an investigative blogger exposing them, reporting on them and to wipe out search engine competition.

The Same Defendants / Co-Conspirators of this case are also involved in RICO, in Pattern and History for this Same Internetting Mobbing in Rakofsky v. The Internet Supreme Court of the State of New York; County of New York, Case Number 105573-2011.

Malpractice Complaint specifically regarding the behavior, actions, confidentiality breach of my ex Attorney Marc J. Randazza and the actions of Plaintiff's Attorney In Obsidian Finance Group v. Cox, Tonkon Torp Law Firm, Steven Wilker, Mike Morgan and David Aman.

In 2011 Plaintiff Investigative Blogger Crystal L. Cox was involved in a major free speech lawsuit.  (Obsidian Finance Group LLC v. Crystal Cox) Plaintiff Investigative Blogger Crystal L. Cox lost this case due to Judge Marco Hernandez ruling that the Oregon Retraction Laws, Shield Laws, and the First Amendment did not apply to bloggers but only applies to accredited media, big media.

Defendant Marc Randazza saw the Obsidian V. Cox ruling in December of 2011. Defendant Marc Randazza, as he told me in his first call, was contacted by his clients, that are high up in the Porn Industry.  Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that these Porn Industry giants called him and asked him what he is going to to about Crystal Cox, and this bad precedence set by Obsidian Finance Group LLC v. Crystal Cox. A precedence that affects the bottom line financially of the free speech coalition and all the porn companies that Defendant Marc Randazza represents.

At this time, one of my investigative reporters / investigative bloggers for my Whistleblower Media News Network, Michael Spreadbury ,contacted Defendant Marc Randazza and asked if he would take a meeting with "US", the 3 of us had a conference call in December 2011 regarding Plaintiff Investigative Blogger Crystal L. Cox and my Ninth Circuit Appeal.  On this first phone call, Defendant Marc Randazza discouraged Plaintiff Investigative Blogger Crystal L. Cox from filing a Ninth Circuit Appeal. However, Defendant Marc Randazza asked for the strategy of Plaintiff Investigative Blogger Crystal L. Cox and for all Plaintiff Investigative Blogger Crystal L. Cox's files.

Defendant Marc Randazza was out to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal from, even before the very first phone call, where Defendant Marc Randazza gathered information, strategy, files and privileged information from Plaintiff Investigative Blogger Crystal L. Cox in which Defendant Marc Randazza later used with co-conspirators to defame, harass, paint in false light, ruin the business of, intimidate, and put Plaintiff Investigative Blogger Crystal L. Cox under extreme duress with the goal of stopping Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal in Obsidian Finance Group v. Crystal Cox, so that his "Clients" would not be affected by this precedence.

Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that he may have a conflict of interest with his representation of the Media Bloggers Association (MBA), and he would let Plaintiff Investigative Blogger Crystal L. Cox know if he did, that never happened.

After this first call, Defendant Marc Randazza did not let Plaintiff Investigative Blogger Crystal L. Cox know of any conflicts of interest as Defendant Marc Randazza told Plaintiff Investigative Blogger Crystal L. Cox that he would. In the meantime UCLA Law Professor, Attorney Eugene Volokh was corresponding with Plaintiff Investigative Blogger Crystal L. Cox on possible representation in Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal.

Professor, Attorney Eugene Volokh was professional, to the point and did not tell Plaintiff Investigative Blogger Crystal L. Cox that she made a mess, did not put me down, treat me badly and was focused on the merits of the case in which affected all Citizen Journalists, All Free Speech, First Amendment Rights, Whistleblowers and the constitutional rights of all citizens, which was always the primary goal of Plaintiff Investigative Blogger Crystal L. Cox. And unlike Defendant Marc Randazza, which, as a client and a court case defendant involved with Attorney Marc Randazza, I, Plaintiff Investigative Blogger Crystal L. Cox have every legal right to have as many blogs as I like expressing my opinion of Attorney Marc Randazza, Defendant Marc J. Randazza. Plaintiff Investigative Blogger Crystal L. Cox was a VERY dissatisfied, and even HARMED ex-client of Defendant Marc J. Randazza and has the legal right to share her experience, review him as an attorney, and exercise her right to FREE SPEECH.

Still not hearing from, Defendant Marc Randazza, Plaintiff Investigative Blogger Crystal L. Cox received emails and had a phone meeting with Attorney Eugene Volokh whereby Attorney Eugene Volokh told Plaintiff Investigative Blogger Crystal L. Cox that Defendant Marc Randazza was acting on my behalf, putting in time and effort, negotiating with Plaintiff David Aman and Plaintiff Kevin D. Padrick, and Attorney Eugene Volokh told Plaintiff Investigative Blogger Crystal L. Cox that if she had chose to go with Defendant Marc Randazza for the Ninth Circuit Appeal, then he would assist Defendant Marc Randazza in any way he could in order to assist me.

I, Plaintiff Investigative Blogger Crystal L. Cox, was very alarmed to hear that Defendant Marc Randazza was negotiating a deal on my behalf with Plaintiff David Aman and Plaintiff Kevin D. Padrick, without my knowledge of the terms of this deal, and without the promised information regarding any conflicts of interest that Defendant Marc Randazza may have in moving forward with my case.

Defendant Marc Randazza was acting as my attorney with my privileged information and negotiating a deal on my alleged behalf, without my knowledge. This upset me,  Plaintiff Investigative Blogger Crystal L. Cox, and rightly so.  I told UCLA Law Professor, Attorney Eugene Volokh that I did not want Defendant Marc Randazza to represent my on my Ninth Circuit Appeal, and that I would let Defendant Marc Randazza know immediately that he no longer represented me.

I, Plaintiff Investigative Blogger Crystal L. Cox, then emailed Defendant Marc Randazza and copied the email to UCLA Law Professor, Attorney Eugene Volokh and told Defendant Marc Randazza that he no longer represented me, Plaintiff Investigative Blogger Crystal L. Cox, and the reasons why.

Defendant Marc Randazza acted as if he was fine with this decision, as the record shows. However, Plaintiff Investigative Blogger Crystal L. Cox firing Defendant Marc Randazza ruined his plan to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal so that his Big Clients, and Co-Conspirator Attorneys, Bloggers and Big Media would not be affected by the precedence set by Plaintiff Investigative Blogger Crystal L. Cox in Obsidian Finance Group vs. Crystal Cox.  So Defendant Marc Randazza launched new efforts to sabotage Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal and enlisted a large amount of conspirators to defame, harass, and intimidate Plaintiff Investigative Blogger Crystal L. Cox into stopping, my Ninth Circuit Appeal.   Co-Defendant David Aman offered me 3 Settlements via UCLA Law Professor, Attorney Eugene Volokh after the Trial was over. 2 of Which were after Plaintiff Investigative Blogger Crystal L. Cox had filed her Ninth Circuit Appeal in effort to STOP the Appeal. Defendant Marc Randazza has worked in conspiracy with a ring of bloggers, most who are attorneys and worked with Defendant Kashmir Hill of Forbes and Defendant Bob Garfield of NPA, Defendant WIPO, Defendant Peter L. Michaelson and other co-conspirators in order to create a mass media illusion that Plaintiff Investigative Blogger Crystal L. Cox is guilty of the crime of extortion, though Plaintiff Investigative Blogger Crystal L. Cox was not on trial for extortion, not under investigation for extortion nor had ever been charged with extortion.

Upon Knowledge and Belief of Plaintiff Crystal Cox, Defendant Marc Randazza and Defendant David Aman, along with massive co-conspirators have set out to paint Plaintiff Investigative Blogger Crystal L. Cox in false light in order to affect Plaintiff Investigative Blogger Crystal L. Cox's Ninth Circuit Appeal, and to stop this alleged "bad precedence" at the lower court level so that Defendant Marc Randazza's biggest Porn Industry Clients such as Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and other big clients, John and Jane Doe Defendants / Alleged co-conspirators of Defendant Marc Randazza's would not be affected by the Obsidian V. Cox Precedence.

These Co-Conspirators, Defendants were not simply worried just about this "bad precedence" to their Free Speech Rights, and legal proceedings that would affect them in the future.

Defendant Liberty Media Holdings, Defendant John C. Malone, Defendant Manwin, Defendant Corbin Fisher and other big clients, Defendants / co-conspirators of Marc Randazza's named in this counter complaint, as well as John and Jane Doe Defendants, absolutely need to silence the blogs of Investigative Blogger Plaintiff Investigative Blogger Crystal L. Cox. To them, it is a matter of Trillions of Dollar and Indictments they may face.

Over a Decade ago iViewit Technology invented a video coding technology that changed pixelated video to clear crisp video. These Defendants / co-conspirators of Defendant Marc J. Randazza's make billions a year off of this technology they infringe on, each one of them, and they have for over a decade. Plaintiff Investigative Blogger Crystal L. Cox has reported on the iViewit Technology for over 3 years, and Plaintiff Investigative Blogger Crystal L. Cox has reported on Defendant Proskauer Rose, Defendant Kenneth Rubenstein, MPEG LA, Defendant John Calkins and most all of the co-conspirators listed in this counter complaint.

(On belief and knowledge) Defendant Marc J. Randazza has been hired to STOP the investigative blogs of Plaintiff Investigative Blogger Crystal L. Cox in order to suppress, discredit the iViewit Technology Theft Story, in order to save his clients and co-conspirators from indictments and from having to pay iViewit Technology and Inventor, Eliot Bernstein Trillion of Dollars.  In this, these Defendants / Alleged Co-Conspirators have committed massive shareholder fraud, been involved in insider trading, violated anti-trust laws, violated patent laws, committed international crimes and conspiracy and more.

**Defendant Marc J. Randazza of Defendant Randazza Legal Group has massive liability in his misrepresentation and Malpractice Legal Action involving his former client Pro Se Plaintiff Investigative Blogger Crystal L. Cox.**

Pro Se Plaintiff Investigative Blogger Crystal L. Cox's Former Attorney Conspired request that this court, District of Nevada, force rrr to notify his liability carrier of his liability in **Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL.**

Upon Belief and Knowledge, Pro Se Plaintiff Investigative Blogger Crystal L. Cox's Former Attorney Conspired with a gang of other attorneys and Co-Conspirators to accuse me of being an extortionist, a scammer and all manner of defamation and hate.  Pro Se Plaintiff Investigative Blogger Crystal L. Cox has never taken money to remove blog posts, never scammed anyone, never been charged with or investigated for Extortion, yet this court, District of Nevada,, and Sole WIPO Panelist simply go on the word of Defendant Marc J. Randazza and ruin the life, reputation, livelihood of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein with NO Evidence, No Proof, No Truth, No Due Process and in complete violation of the legal rights, constitutional rights, first amendment rights and intellectual property rights of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein.

Upon Belief and Knowledge, Defendant Marc J. Randazza of Defendant Randazza Legal Group MUST lawfully seek counsel / legal representation outside of Randazza Legal Group, **Immediately for Representation** of Defendant Marc J. Randazza, Defendant Ronald D. Green and Defendant Randazza Legal Group in Randazza v. Cox and in Counter Complaint filed by Plaintiff Investigative Blogger Crystal L. Cox.

Defendant Marc J. Randazza, Defendant Ronald D. Green, Defendant J. Malcom DeVoy  and Defendant Randazza Legal Group must get independent non conflicted counsel as their insurance liability carrier.  Defendant Ronald D. Green is in massive conflict regarding transferring from Greenberg Traurig to Randazza Legal Group, as Greenberg Traurig is named in the iViewit SEC Complaints, Federal RICO Complaints and ongoing investigations.

**In the Florida Appellate Case No. 3D12-3189, Marc J. Randazza fights for his own client against Preliminary Injunctions.**

Upon Belief and Knowledge Defendant Marc J. Randazza  claims that it's a violation of first amendment rights, and that the First Amendment must be adjudication first, yet he does just the opposite in this case to seek Revenge on a Former Client, to Suppress My Online Free Press Blogs, and to Retaliate Against Whistle Blowers Exposing his connections to Prostitution Rings and to the fact that his clients are infringing on the iViewit Video Technology.

Injunctive relief to prevent actual or threatened damage is heavily disfavored because it interferes with the First Amendment and amounts to censorship prior to a judicial determination of the lawlessness of speech. See Moore v. City Dry Cleaners & Laundry, 41 So. 2d 865, 872 (Fla. 1949). "The special vice of prior restraint," the Supreme Court held, "is that communication will be suppressed... before an adequate determination that it is unprotected by the First Amendment". Pittsburgh Press Co v. Pittsburg Comm'n on Human Relations, 413 U.S. 376, 390 (1973). Also se Fort Wayn Books Inc. v Indiana, 489 U.S. 46, 66 (1989); M.I.C., Ltd v Bedford Township, 463 U.S. 1341, 11343 (1983.)

In this case, the Nevada Court has skipped the step of adjudicating the First Amendment protection relevant to the speech at issue. Prior Restraints are Unconstitutional. Also see Post-Newsweek Stations Orlando, Inc. v. Guetzlo.

"RKA sought extraordinary relief in the form of prior restraint to enjoin .. . This relief is not recognized in this State, nor anywhere else in the Country.  In addition to ignoring the First Amendment Rights and almost a century's worth of common law, the .. court ignored virtually all procedural requirements for the issue of a preliminary injunction." Page 5 Paragraph ii of Opening Brief Appellate Case No. 3D12-3189, Irina Chevaldina Appellant vs. R.K./FI Management Inc.;et.al., Appellees. Attorney for Appellant Marc J. Randazza Florida Bar No. 325566, Randazza Legal Group Miami Florida.  This case is now hereby referenced here in, in it's entirety.

Clearly Defendant Marc J. Randazza and Attorney Defendant Ronald D. Green are involved with Defendants / Co-Conspirators to retaliate against whistle blowers, and to Suppress Information Online in which exposes their illegal prostitution rings, and their clients infringing on a 13 Trillion Dollar Video Technology. And that they are not operating in a matter of law and justice seeking.

**Defendant Marc J. Randazza, as an attorney that once represented Pro Se Plaintiff Investigative Blogger Crystal L. Cox, has a professional and ethical duty to exercise his or her professional judgment.**

**Defendant Marc J. Randazza, as an attorney that once represented Plaintiff Crystal L. Cox with whom now he has sue, has a legal and constitutional duty to uphold.**

Section 6068 of the Business & Professions Code states that an attorney has a duty "...(g) Not to encourage either the commencement or the continuance of an action or proceeding from any corrupt motive of passion or interest."

Defendant Marc J. Randazza should not be representing himself in Randazza V. Cox, as Defendant Marc J. Randazza owns and operates and is the principal of Randazza Legal Group. Attorneys appearing in propria persona risk compromising the integrity and legal issues of the case.

As the Supreme Court noted: "Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. ...He is deprived of the judgment of an independent third party, in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating closing arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom." Id. at 437-438.

Representing oneself can have adverse practical consequences. First, a lawyer is prohibited ethically from acting as an advocate before a jury if he or she also will be testifying to a contested matter. See, Rule of Professional Conduct 5-210. There are exceptions to this rule if the testimony relates to the nature and value of legal services rendered in the same case, or if the matter is non-adversarial, or is being tried to a judge. Also, the rule does not apply if another lawyer in the advocate's law firm will be a witness.

Second, a lawyer representing himself or herself cannot recover legal fees and costs under Section 1717 of the Civil Code, even if the contract sued on expressly authorizes such an award to the prevailing party. In Trope v. Katz (1995) 11 Cal.4th 274, 280-81, the California Supreme Court held that an attorney who chooses to litigate in propria persona does not "incur" attorneys' fees within the meaning of the statute because he or she does not pay or become liable to pay them. Nor can the lawyer recover compensation for professional business opportunities foregone as a result. Id. at 292. In PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1092, the Supreme Court explained that its decision in Trope was based largely on the lack of any attorney-client relationship.

If a law firm decides to represent itself, the existence of the attorney-client privilege for its internal communications may be jeopardized. In U.S. v. Rowe, 96 F.3d 1294 (9th Cir. 1996), a law firm launched an investigation after learning that one of its lawyers may have mishandled client funds by assigning two associates to investigate his conduct and report back their findings. Subsequently, a grand jury subpoenaed the associates, and the firm asserted the attorney-client privilege. Even though the associates were never told they were acting as the firm's attorneys, did not keep time records or bill the firm for their time, and were taking direction from a senior partner, Judge Kozinski found that they were, in effect, in-house counsel and that the privilege would attach to their confidential communications with the members of the firm. Id. at 1296-97. The Court of Appeals relied exclusively on federal law for this result.

In a later unpublished decision based on California law, the Fifth District Court of Appeal came to an opposite result. In McCormick, Barstow, Shepherd, Wayte & Carruth v. Superior Court (1998) ___ Cal.App.4th ___, 81 Cal.Rptr.2d 30, 1998 Cal. App. LEXIS 1102, a law firm chose to defend itself from a malpractice claim. When the former client sought all internal communications from the law firm concerning his claim, the firm asserted the attorney-client privilege. The court of appeal rejected the firm's argument and surprisingly held that no attorney-client relationship existed between the firm and its lawyers who were defending it. The court asked: "If the McCormick firm was the client, who was its lawyer? And who was the client communicating with?" Although unpublished and widely disparaged, the McCormick decision reflects the dangers that can befall a lawyer (or a law firm) who chooses to go it alone.

## Defendant Marc J. Randazza of Defendant Randazza Legal Group has Violated Attorney Conduct Code.

Upon Belief and Knowledge, Judge Peggy A. Leen and Judge Gloria M. Navarro know of Defendant Marc J. Randazza, DefendantRonald D. Green and DefendantRandazza Legal Group's unlawful, unethical, fraudulent, criminal endangerment activities and fraud on the courts, therefore Judge Peggy A. Leen and Judge Gloria M. Navarro are in VIOLATION Public Officers Law SEC 73, Public Officers Law SEC 74 Code of Ethics, TITLE 18 FEDERAL CODE, Title 18 U.S.C. § 4., Title 28 U.S.C. § 1361, Title 28 U.S.C. § 1361, and other applicable laws, ethics and Judicial Cannons.

## Rules, Ethics, Codes, and Laws.

Public Officers Law **SEC 73** Restrictions on the Activities Of Current and Former State Officers and Employees

**Public Officers Law SEC 74 Code of Ethics**
Conflicts of Interest Law, found in Chapter 68 of the New York City Charter, the City's Financial Disclosure Law, set forth in section 12-110 of the New York City Administrative Code, and the Lobbyist Gift Law, found in sections 3-224 through 3-228 of the Administrative Code.

**TITLE 18 FEDERAL CODE & OTHER APPLICABLE FEDERAL LAW**
Title 18 U.S.C. § 4. Misprision of felony. Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.



A federal judge, or any other government official, is required as part of the judge's mandatory administrative duties, to receive any offer of information of a federal crime. If that judge blocks such report, that block is a felony under related obstruction of justice statutes, and constitutes a serious offense.

Upon receiving such information, the judge is then required to make it known to a government law enforcement body that is not themselves involved in the federal crime.

Title 28 U.S.C. § 1361. Action to compel an officer of the United States to perform his duty. The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

This federal statute permits any citizen to file a lawsuit in the federal courts to obtain a court order requiring a federal official to perform a mandatory duty and to halt unlawful acts. This statute is Title 28 U.S.C. § 1361.

## FRAUD on the COURT

In the United States, when an officer of the court is found to have fraudulently presented facts to court so that the court is impaired in the impartial performance of its legal task, the act, known as "fraud upon the court", is a crime deemed so severe and fundamentally opposed to the operation of justice that it is not subject to any statute of limitation.

Officers of the court include: Lawyers, Judges, Referees, and those appointed; Guardian Ad Litem, Parenting Time Expeditors, Mediators, Rule 114 Neutrals, Evaluators, Administrators, special appointees, and any others whose influence are part of the judicial mechanism.

"Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication". Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23

In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

What effect does an act of "fraud upon the court" have upon the court proceeding? "Fraud upon the court" makes void the orders and judgments of that court.

**Upon Belief and Knowledge of Pro Se Plaintiff Investigative Blogger Crystal L. Cox, Defendant Marc J. Randazza, Defendant and Defendant Randazza Legal Group, have violated the lawful rights of Pro Se Plaintiff Investigative Blogger Crystal L. Cox in the ALL the Following:**

Defendant Marc J. Randazza of Defendant Randazza Legal Group has Violated Attorney Conduct Code in regard to his ex-client, .

### Attorney Conduct Code

(a) "Differing interests" include every interest that will adversely affect either the judgment or the loyalty of a lawyer to a client, whether it be a conflicting, inconsistent, diverse, or other interest.

CANON 5. A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client

DR 5-101 [1200.20] Conflicts of Interest - Lawyer's Own Interests.
DR 5-102 [1200.21] Lawyers as Witnesses.
DR 5-103 [1200.22] Avoiding Acquisition of Interest in Litigation.
DR 5-104 [1200.23] Transactions Between Lawyer and Client.
DR 5-105 [1200.24] Conflict of Interest; Simultaneous Representation.
DR 5-108 [1200.27] Conflict of Interest - Former Client.

CANON 6. A Lawyer Should Represent a Client Competently

CANON 7. A Lawyer Should Represent a Client Zealously Within the Bounds of the Law

DR 7-102 [1200.33] Representing a Client Within the Bounds of the Law.
DR 7-110 [1200.41] Contact with Officials.
DR 8-101 [1200.42] Action as a Public Official.
DR 8-103 [1200.44] Lawyer Candidate for Judicial Office.
A. A lawyer who is a candidate for judicial office shall comply with section 100.5 of the Chief Administrator's Rules Governing Judicial
Conduct (22 NYCRR) and Canon 5 of the Code of Judicial Conduct.
CANON 9. A Lawyer Should Avoid Even the Appearance of Professional Impropriety
DR 9-101 [1200.45] Avoiding Even the Appearance of Impropriety.

Sellers v. Dist. Ct., 119 Nev. 256, 71 P.3d 495 (2003).

Pro Se Plaintiff Investigative Blogger Crystal L. Cox's Ex - Attorney Marc Randazza violated her lawful rights to due process, subjected her to criminal endangerment, bypassed First Amendment Adjudication in seizing massing blog posts and domain names, sued his ex-client in a SLAPP Lawsuit to intimidate her into silence and is guilty of malpractice.

### Defendant Marc J. Randazza has violated the Rules of Professional Conduct and the Constitutional Rights of Plaintiff Crystal L. Cox.

Defendant Marc J. Randazza of Randazza Legal Group Violated <u>Rules</u> of Professional Conduct Rule 1.3 1.4 as records show my, Plaintiff Crystal L. Cox's Attorney Marc Randazza negotiated a possible deal and did not "Promptly inform the client", did not communicate promptly or at all, did not Consult with the client about any relevant limitation on the lawyer's conduct, did not inform client whether the lawyer maintains professional liability insurance, and if the lawyer maintains a policy, the name and address of the carrier, did not "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation", and did not Keep the client reasonably informed about the status of the matter.

Defendant Marc J. Randazza of Randazza Legal Group Violated <u>Rules</u> of Professional Conduct Rule 1.3.

Rule 1.3.
    Rule 1.4.    Communication.
    (a)  A lawyer shall:
        (1)  **Promptly inform the client of any decision or circumstance** with respect to which the client's informed consent is required by these Rules;
        (2)  Reasonably consult with the client about the means by which the client's objectives are to be accomplished;
        (3)  **Keep the client reasonably informed about the status of the matter;**
        (4)  Promptly comply with reasonable requests for information; and
        (5)  **Consult with the client about any relevant** limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.
    (b)  **A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.**
    (c)  Lawyer's Biographical Data Form.    Each lawyer or law firm shall have available in written form to be provided upon request of the State Bar or a client or prospective client a factual statement detailing the background, training and experience of each lawyer or law firm.
        (1)  The form shall be known as the "Lawyer's Biographical Data Form" and shall contain the following fields of information:
            (i)  Full name and business address of the lawyer.

(ii)  Date and jurisdiction of initial admission to practice.

(iii)  Date and jurisdiction of each subsequent admission to practice.

(iv)  Name of law school and year of graduation.

(v)  The areas of specialization in which the lawyer is entitled to hold himself or herself out as a specialist under the provisions of Rule 7.4.

(vi)  Any and all disciplinary sanctions imposed by any jurisdiction and/or court, whether or not the lawyer is licensed to practice law in that jurisdiction and/or court. For purposes of this Rule, disciplinary sanctions include all private reprimands imposed after March 1, 2007, and any and all public discipline imposed, regardless of the date of the imposition.

(vii)  **If the lawyer is engaged in the private practice of law, whether the lawyer maintains professional liability insurance, and if the lawyer maintains a policy, the name and address of the carrier.**

(2)  Upon request, each lawyer or law firm shall provide the following additional information detailing the background, training and experience of each lawyer or law firm, including but not limited to:

(i)  Names and dates of any legal articles or treatises published by the lawyer, and the name of the publication in which they were published.

(ii)  A good faith estimate of the number of jury trials tried to a verdict by the lawyer to the present date, identifying the court or courts.

(iii)  A good faith estimate of the number of court (bench) trials tried to a judgment by the lawyer to the present date, identifying the court or courts.

(iv)  A good faith estimate of the number of administrative hearings tried to a conclusion by the lawyer, identifying the administrative agency or agencies.

(v)  A good faith estimate of the number of appellate cases argued to a court of appeals or a supreme court, in which the lawyer was responsible for writing the brief or orally arguing the case, identifying the court or courts.

(vi)  The professional activities of the lawyer consisting of teaching or lecturing.

(vii)  The names of any volunteer or charitable organizations to which the lawyer belongs, which the lawyer desires to publish.

(viii)  A description of bar activities such as elective or assigned committee positions in a recognized bar organization.

(3)  A lawyer or law firm that advertises or promotes services by written communication not involving solicitation as prohibited by Rule 7.3 shall enclose with each such written communication the information described in paragraph (c)(1)(i) through (v) of this Rule.

(4)  A copy of all information provided pursuant to this Rule shall be retained by the lawyer or law firm for a period of 3 years after last regular use of the information.

[Added; effective May 1, 2006; as amended; effective November 21, 2008.]

## Defendant Marc J. Randazza has violated the Rules of Professional Conduct and the Constitutional Rights of Plaintiff Crystal L. Cox.

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct** Rule 1.5 (formerly Supreme Court Rule 155) is the same as ABA Model Rule 1.5 with two exceptions. First, unlike the Model Rule, paragraph (c) of the Nevada Rule is divided into subparagraphs. The provisions in subparagraphs (4) and (5) are specific to the Nevada Rule; there is no Model Rule counterpart to those provisions. Second, subparagraph (1) of paragraph (e) of the Model Rule has not been adopted. This subparagraph is reserved to maintain consistency with the Model Rules format. Compare Model Rules of Prof'l Conduct R. 1.5(e)(1) (2004) ("the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation").

**Defendant Marc J. Randazza did not keep Confidential, information, strategy, and other confidential information of his client Plaintiff Crystal L. Cox.**

Rule 1.6.    **Confidentiality of Information.**

(a)  A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by paragraphs (b) and (c).

(b)  A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary:

(1)  To **prevent reasonably certain death or substantial bodily harm**;

(2)  To prevent the client from committing a criminal or fraudulent act in furtherance of which the client has used or is using the lawyer's services, but the lawyer shall, where practicable, first make reasonable effort to persuade the client to take suitable action;

(3)  To prevent, mitigate, or rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services have been or are being used, but the lawyer shall, where practicable, first make reasonable effort to persuade the client to take corrective action;

(4)  To secure legal advice about the lawyer's compliance with these Rules;

(5)  To establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client; or

(6)  To comply with other law or a court order.

(c)  A lawyer shall reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary to prevent a criminal act that the lawyer believes is likely to result in reasonably certain death or substantial bodily harm.

[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct** Rule 1.6 (formerly Supreme Court Rule 156) is the same as ABA Model Rule 1.6 with three exceptions. First, paragraph (b)(2) addresses the same subject matter as paragraph (b)(2) of the Model Rule, but the language is Nevada specific and is based on former Supreme Court Rule 156(3)(a). Second, paragraph (b)(3) addresses the same subject matter as paragraph (b)(3) of the Model Rule, but the language is Nevada specific and is the same as former Supreme Court Rule 156(3)(a), with the addition of the word "mitigate." Third, paragraph (c) is Nevada specific and mandates disclosure under circumstances covered by paragraph (b)(1) when a criminal act is involved.

**Defendant Marc J. Randazza did not disclose conflicts of interest to his client Plaintiff Crystal L. Cox.**

**Rule  1.7.    Conflict of Interest: Current Clients.**
   (a)  Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
        (1)  The representation of one client will be directly adverse to another client; or
        (2)  There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
   (b)  Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
        (1)  The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
        (2)  The representation is not prohibited by law;
        (3)  The representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
        (4)  Each affected client gives informed consent, confirmed in writing.
   [Added; effective May 1, 2006.]


**Defendant Marc J. Randazza has violated the Rules of Professional Conduct**
Rule  1.8.    Conflict of Interest: Current Clients: Specific Rules.
   (a)  A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
        (1)  The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client;

(2)  The client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and

(3)  The client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

(b)  A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by these Rules.

(c)  A lawyer shall not solicit any substantial gift from a client, including a testamentary gift, or prepare on behalf of a client an instrument giving the lawyer or a person related to the lawyer any substantial gift unless the lawyer or other recipient of the gift is related to the client. For purposes of this paragraph, related persons include a spouse, child, grandchild, parent, grandparent or other relative or individual with whom the lawyer or the client maintains a close, familial relationship.

(d)  Prior to the conclusion of representation of a client, a lawyer shall not make or negotiate an agreement giving the lawyer literary or media rights to a portrayal or account based in substantial part on information relating to the representation.

(e)  A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that:

(1)  A lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and

(2)  A lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

(f)  A lawyer shall not accept compensation for representing a client from one other than the client unless:

(1)  The client gives informed consent;

(2)  There is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and

(3)  Information relating to representation of a client is protected as required by Rule 1.6.

(g)  A lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients, or in a criminal case an aggregated agreement as to guilty or nolo contendere pleas, unless each client gives informed consent, in a writing signed by the client. The lawyer's disclosure shall include the existence and nature of all the claims or pleas involved and of the participation of each person in the settlement.

(h)  A lawyer shall not:

(1)  Make an agreement prospectively limiting the lawyer's liability to a client for malpractice unless the client is independently represented in making the agreement; or

(2)  Settle a claim or potential claim for such liability with an unrepresented client or former client unless that person is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel in connection therewith.

(i)  A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of

litigation the lawyer is conducting for a client, except that the lawyer may:

 (1) Acquire a lien authorized by law to secure the lawyer's fee or expenses; and

 (2) Contract with a client for a reasonable contingent fee in a civil case.

 (j) A lawyer shall not have sexual relations with a client unless a consensual sexual relationship existed between them when the client-lawyer relationship commenced. This paragraph does not apply when the client is an organization.

 (k) A lawyer related to another lawyer as parent, child, sibling or spouse shall not represent a client in a representation directly adverse to a person whom the lawyer knows is represented by the other lawyer except upon informed consent by the client after consultation regarding the relationship.

 (l) A lawyer shall not stand as security for costs or as surety on any appearance, appeal, or other bond or surety in any case in which the lawyer is counsel.

 (m) While lawyers are associated in a firm, a prohibition in the foregoing paragraphs, with the exception of paragraph (j), that applies to any one of them shall apply to all of them.

 [Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct**

Rule  1.9.   Duties to Former Clients.

 (a)  **A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter** in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

 (b)  A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:

 (1)  **Whose interests are materially adverse to that person;** and

 (2)  About whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;

 (3)  Unless the former client gives informed consent, confirmed in writing.

 (c)  A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

 (1)  Use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or

 (2)  Reveal information relating to the representation except as these Rules would permit or require with respect to a client.

 [Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct**
Rule  1.10.    Imputation of Conflicts of Interest.

(a)  While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.9, or 2.2, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

(b)  When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm unless:

(1)  The matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and

(2)  Any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.

(c)  A disqualification prescribed by this Rule may be waived by the affected client under the conditions stated in Rule 1.7.

(d)  Reserved.

(e)  When a lawyer becomes associated with a firm, no lawyer associated in the firm shall knowingly represent a person in a matter in which that lawyer is disqualified under Rule 1.9 unless:

(1)  The personally disqualified lawyer did not have a substantial role in or primary responsibility for the matter that causes the disqualification under Rule 1.9;

(2)  The personally disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(3)  Written notice is promptly given to any affected former client to enable it to ascertain compliance with the provisions of this Rule.

[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct**
Rule  1.16.    Declining or Terminating Representation.

(a)  Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1)  The representation will result in violation of the Rules of Professional Conduct or other law;

(2)  The lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or

(3)  The lawyer is discharged.

(b)  Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

(1)  Withdrawal can be accomplished without material adverse effect on the interests of the client;

(2)  The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3)  The client has used the lawyer's services to perpetrate a crime or fraud;

(4)  A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;

(5)  The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6)  The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7)  Other good cause for withdrawal exists.

(c)  A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d)  Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct**
Rule  1.18.    Duties to Prospective Client.

(a)  A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.

(b)  Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation, except as Rule 1.9 would permit with respect to information of a former client.

(c)  A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d).

(d)  When the lawyer has received disqualifying information as defined in paragraph (c), representation is permissible if:

(1)  Both the affected client and the prospective client have given informed consent, confirmed in writing, or

(2)  The lawyer who received the information took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client; and

(i)  The disqualified lawyer is timely screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(ii)  Written notice is promptly given to the prospective client.

(e)  A person who communicates information to a lawyer without any reasonable expectation that the lawyer is willing to discuss the possibility of forming a client-lawyer relationship, or for purposes which do not include a good faith intention to retain the lawyer in the subject matter of the consultation, is not a "prospective client" within the meaning of this Rule.

(f)  A lawyer may condition conversations with a prospective client on the person's informed consent that no information disclosed during the consultation will prohibit the lawyer from representing a different client in the matter. If the agreement expressly so provides, the prospective client may also consent to the lawyer's subsequent use of information received from the prospective client.

(g)  Whenever a prospective client shall request information regarding a lawyer or law firm for the purpose of making a decision regarding employment of the lawyer or law firm:

(1)  The lawyer or law firm shall promptly furnish (by mail if requested) the written information described in Rule 1.4(c).

(2)  The lawyer or law firm may furnish such additional factual information regarding the lawyer or law firm deemed valuable to assist the client.

(3)  If the information furnished to the client includes a fee contract, the top of each page of the contract shall be marked "SAMPLE" in red ink in a type size one size larger than the largest type used in the contract and the words "DO NOT SIGN" shall appear on the client signature line.

[Added; effective May 1, 2006; as amended; effective September 1, 2007.]

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct,** COUNSELOR,  Rule  2.1.  Advisor.   In representing a client, a lawyer shall exercise independent professional judgment and render candid advice. In rendering advice, a lawyer may refer not only to law but to other considerations such as moral, economic, social and political factors, that may be relevant to the client's situation.

[Added; effective May 1, 2006.]

**Defendant Marc J. Randazza has violated the Rules of Professional Conduct,** Rule 3.2 (formerly Supreme Court Rule 171) is the same as ABA Model Rule 3.2 with the exception of paragraph (b). Paragraph (b) is a Nevada-specific provision with no Model Rule counterpart.


## Plaintiff Defendant Marc J. Randazza of Randazza Legal Group set out to Sabotage Plaintiff Crystal L. Cox from the Very First Conversation.

It is clear now that Plaintiff Defendant Marc J. Randazza of Randazza Legal Group set out to STOP Plaintiff, Plaintiff Investigative Blogger Crystal L. Cox from her APPEAL going to the Ninth Circuit.  It is clear that Defendant Marc J. Randazza of Randazza Legal Group and

Co-Conspirators and Defendants will do whatever it takes to STOP the Appeal of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and remove investigative blogs exposing his and his Co-Conspirators and Defendants.

Now, over a year after that first conference call and Marc Randazza negotiating with Opposing Counsel David Aman, allegedly on behalf, Marc Randazza and Co-Conspirators and Defendants continues to do everything they can to STOP my Ninth Circuit Appeal of Obsidian Finance Group V. Crystal Cox and to removed blogs, content, domain names from the Internet Search that Expose Marc Randazza, Randazza Legal Group, Jordan Rushie, Greenberg Traurig and Ronald D. Green's clients for infringing on the iViewit Technology, whereby Eliot Bernstein is the founder of iViewit and one of the  iViewit Technology Inventors. Marc Randazza and Co-Conspirators and Defendants have tried to SEIZE / SELL Pro Se Plaintiff Investigative Blogger Crystal L. Cox right to appeal Obsidian Finance Group V. Crystal Cox  at a Sheriff's Sale in Multnomah County Oregon.

Marc Randazza and Co-Conspirators and Defendants have got unlawful unconstitutional court orders to SEIZE massive Domain Names of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein. Marc Randazza and Co-Conspirators and Defendants have removed massive links, blogs and domain names from the Internet via a Preliminary Injunction that has caused irreparable harm to the intellectual property, online content, domain names, civil rights, property rights, and quality of life of Pro Se Plaintiff Investigative Blogger Crystal L. Cox and Eliot Bernstein.

Eliot Bernstein is also a named defendant on the Docket of Oregon Civil Case #: 3:11-cv-00057-HZ, brought in by Tonkon Torp Law Firm, David S. Aman and Steven Wilker. Tonkon Torp Law Firm represented Enron, Intel, and is in Conspiracy with Skadden, Arps, Slate, Meagher & Flom LLP's Judith Kaye. All are involved in the iViewit Technology theft, SEC Complaint, RICO Complaint, and ongoing Federal Investigations and lawsuits related to the theft of the iViewit Technology, whereby Eliot Bernstein is the founder of iViewit and one of the iViewit Technology Inventors and to all are involved in the ongoing technology infringement of the  iViewit Technology.

**Defendant Ronald D. Green left a large law firm, Defendant Greenberg Traurig LLP, around July of 2012, in direct effort to Sabotage the online Media of Plaintiff, Investigative Blogger Crystal Cox who was reporting on the biggest Technology Theft in the World, the iViewit Technology Theft. Of which Greenberg Traurig LLP is a named Defendant and has at Trillion Dollar Liability, as does the current clients of Defendant Ronald D. Green, alleged Co-Conspirator Defendant John C. Malone and Defendant Liberty Media Holdings and all media companies owned by Liberty Media in which infringe on the iViewit Video Technology.**

Defendant Greenberg Traurig LLP is named in the iViewit SEC Complaint, iViewit RICO

Complaint and massive legal action relating to the iViewit Technology Theft. Defendant Ronald D. Green was at Defendant Greenberg Traurig LLP and knows full well of the massive, undisclosed liability that Defendant Greenberg Traurig LLP has in regard to Eliot Bernstein and the iViewit Technology Company.  This is a massive Conflict and Randazza Legal Group, Defendant Ronald D. Green should NOT be representing his boss, Plaintiff Marc Randazza in this matter.

Defendant Ronald D. Green, left Defendant Greenberg Traurig LLP for Defendant Randazza Legal Group, to intentionally, deliberately be in a position to sabotage Eliot Bernstein and the Investigative Blogger reporting on the iViewit Technology Story, Plaintiff Crystal L. Cox.

Upon my Knowledge and Belief, Defendant Ronald D. Green, formerly with Defendant Greenberg Traurig LLP was sent to work at Randazza Legal Group by Defendant Greenberg Traurig LLP in order to sabotage Eliot Bernstein, by way of removing the blogs and online media of Plaintiff Crystal L. Cox .

Defendant Greenberg Traurig LLP filed legal action against the estate of Eliot Bernstein's father in September of 2012, just after Defendant Ronald D. Green left Defendant Greenberg Traurig LLP to work with Randazza Legal Group, and a few months before Defendant Ronald D. Green sued Eliot Bernstein and Crystal Cox in order to remove their online platforms reporting on the iViewit Technology Theft.

Defendant Marc J. Randazza gave **no "Remedy"** to Pro Se Plaintiff Crystal L. Cox or to Eliot Bernstein and thereby further violated the lawful and constitutional rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, Founder of iViewit Technologies. And caused irreparable harm, without even asking for a retraction of any kind. this court, District of Nevada, should immediately grant judgement to Plaintiff Investigative Blogger Crystal L. Cox.

Defendant Marc J. Randazza did not ask for a retraction, nor give proof that anything Pro Se Plaintiff Crystal L. Cox posted was inaccurate or Defamatory. Defendant Marc J. Randazza simply committed fraud on the court and the court denied due process to Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein Violated the Constitutional Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, and acted in Criminal and Civil Conspiracy with Defendant Marc J. Randazza to do so.

Defendant Marc J. Randazza side steps the Nevada Laws and SEIZING Massive Content, Removes Blogs, Steals Intellectual Property and then brags about it on his "Legal Commentary" blog.

Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL is a Defamation Lawsuit, though in Defendant Marc J. Randazza's original complaint he says, Page 4 Line 20 thru 24,

"11. It is important to note that this lawsuit is not about defamation nor about Ms. Cox

expressing her opinions.  Cox has every right to express her opinions.  However, she does not have the right to do so in a manner which is contrary to Title 15's mandates, nor does she have the right to do so in a manner that is harassing or invasive.  Cox posting her opinion on <crystalcox.com> is just fine. "

**Yet in Document 48** of Randazza v. Cox, where Defendant Marc J. Randazza is asking the court to violated Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein rights yet again by simply rejecting Pro Se Plaintiff Crystal L. Cox's complaint answer and counter complaint, in a Motion Called:  PLAINTIFFS' MOTION TO STRIKE Plaintiff Crystal L. Cox'S COUNTERCLAIMS AND ANSWER PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(f), OR, IN THE ALTERNATIVE, MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), Defendant Marc J. Randazza via Co-Conspirator / Defendant Ronald D. Green, Ex-Attorney for Co-Conspirator / Defendant Greenberg Traurig, is quoted as saying,

**Page 2 Line 4 Says,**
"part of her plan to further defame and harass her victims"

So now Defendant Marc J. Randazza is claiming to be a victim defamed and harassed when really Pro Se Plaintiff Crystal L. Cox is an Investigative Blogger / Online Media and those companies and individuals that Defendant Marc J. Randazza via Co-Conspirator / Defendant Ronald D. Green claims to be "victims" are really companies, ceo's, individuals, trustees, officials, businesses and people that Media Plaintiff Crystal L. Cox is **"reporting on",** not defaming and harassing. However, this does prove, yet again that Randazza v. Cox a lawsuit whereby Defendant Marc J. Randazza is claiming that Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein have defamed him and therefore he wants to Steal, SEIZE all blogs and domain names and to STRIKE all answer that oppose him or counter claims that expose Defendant Marc J. Randazza or his clients and co-conspirators.

Defendant Marc J. Randazza filed an unconstitutional SLAPP lawsuit against Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein and then accuse Pro Se Plaintiff Crystal L. Cox of using her complaint answer to defame him further?

Defendant Marc J. Randazza has used his complaint to harass Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein, defame EEe and to violate the Constitutional and Property Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Marc J. Randazza used his gang stalking attorneys, and other "media" to highly publicize Randazza V. Cox, District of Nevada Case 2:12-cv-02040-GMN-PAL all over the Internet and in all manner of media and "Legal Commentary" yet Defendant Marc J. Randazza failed to, at that time even attempt to serve Pro Se Plaintiff Crystal L. Cox or Eliot Bernstein with this complaint.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Marc J. Randazza simply filed the complaint then bragged about it, publicized it and defamed defendants, made a mockery of defendants and all the while had not even notified them of the lawsuit.

I, Pro Se Plaintiff Crystal L. Cox had to contact the court to serve myself so that I could defend myself and now Co-Conspirator / Defendant Ronald D. Green Attorney for his Boss, Defendant Marc J. Randazza wants the court to simply STRIKE my Response, my Answer and my Counter Claim.

TO my, Pro Se Plaintiff Crystal L. Cox's knowledge, Eliot Bernstein has still not been served District of Nevada Case 2:12-cv-02040-GMN-PA.

Upon Knowledge and Belief, Defendant Marc J. Randazza and Alleged Co-Conspirator / Defendant Ronald D. Green wishes to take away all Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein blogs, seize the constitutional rights of Pro Se Plaintiff Crystal L. Cox and to suppress information regarding the iViewit Technology, worth 13 Trillion Dollars.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Co-Conspirator / Defendant Ronald D. Green Attorney for his Boss, Defendant Marc J. Randazza privately met with, conspired with, Defendant Judge Gloria Navarro regarding a docket change, without the consultation of Pro Se Plaintiff Crystal L. Cox. This Nevada Court removed 100's of descriptions of Exhibits from the docket, without a word of explanation to Pro Se Plaintiff Crystal L. Cox and in conspiracy with Defendant Marc J. Randazza and Co-Conspirator / Defendant Ronald D. Green.

**Under Nevada Law, a defamation plaintiff may recover no more than special damages unless a proper retraction Request has been made on the publisher and a retraction has been refused. In order to provide that protection the retraction must be published within twenty days from receipt of the Request. NRS §41.331, et seq.**

In Nevada Law regarding retractions, generally, the person making the Request should tell you what was said, why it is defamatory, what the true facts are, and how, when, and where they want a retraction published. NRS §41.336(2). NRS §41.337.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Marc J. Randazza was awarded way more than "Special Damages" by Defendant/ Co-Conspirator Judge Gloria Navarro. Defendant Marc J. Randazza SEIZED / Was Awarded massive blogs, domain names, and thereby removed thousands of links and blog posts in one sweep of an illegal, unethical Preliminary Injunction.

This action, this fraud on the court, and Violation of the Civil Rights, Constitutional Rights and Legal Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein cannot be undone. These blogs and connected posts  took years to build, these domain names and connected blogs, this

online media network took over $750,000 and 10 years to build, built by Pro Se Plaintiff Crystal L. Cox and her Business Partner.

Upon Knowledge and Belief, This action, this fraud on the court and Violation of the Civil Rights, Constitutional Rights and Legal Rights of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein not only has done damage to a massive online media network, interconnected to thousands of blogs and hundred of blog posts by Media Defendant / Pro Se Plaintiff Crystal L. Cox, but this court, District of Nevada, action has removed links, content, blogs that exposed the biggest Technology Theft in the World, the iViewit Technology, whereby Eliot Bernstein is one of the Inventors, and which is estimated to be a 13 Trillion Dollar Technology. This fraud on the court has harmed federal investigations, patent investigations, and interred with Multi-Billion Dollar Settlement Negotiations. This damage cannot be undone.

Yet this Nevada Court orders a Bond of 100 Dollars per domain name and values the life's work, livelihood, intellectual property, quality of life, of Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein as 100 Dollars per domain name. And if this is not unlawful, unconstitutional, violating is not enough, in Civil and Criminal Conspiracy, Godaddy Inc., Bob Parsons does NOT lock the Domain Names, instead Godaddy moves the Domain Names to the account of Defendant Marc J. Randazza and does not LOCK the Servers, therefore thousands of incoming links NOW redirect to ONE Blog Post on Defendant Marc J. Randazza's blog, a blog post slamming, defaming, threatening, painting in false light and criminally endangering Pro Se Plaintiff Crystal L. Cox and Eliot Bernstein.

**Defendant Marc Randazza took Plaintiff Crystal Cox's Assets without First Amendment Adjudication and without asking for a Retraction, this is a violation of law and Plaintiff Crystal Cox is due compensation.**

### Cause of Action 3.)  Civil Conspiracy.  42 USC § 1985 - Conspiracy to interfere with Civil Rights, Title 18, U.S.C., Title 18, U.S.C., Section 241 Conspiracy Against Rights, Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law.

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

Upon Knowledge and Belief, Plaintiff Crystal Cox claims that she was harmed by Defendants acting in conspiracy to discredit her, defame her, pressure her to stop a federal court appeal, ruin her reputation acting together in online publications, speaking with each other and acting in concert and connection to each other to defame Plaintiff Cox

and pressure her to stop her appeal in a high profile free speech case.

Upon Knowledge and Belief, Plaintiff Crystal Cox claims that Defendants are responsible for the harm caused to the reputation of Plaintiff's search engine business, investigative blog business and connected contracts and potential jobs, damage to interpersonal relationships and business relationships, inciting hate and affecting her quality of life, putting her under extreme hate and duress.

Upon Knowledge and Belief, Plaintiff Crystal Cox claims that Defendants emailed each other, spoke on the phone and in person and conspired to damage the reputation, business and life of Plaintiff Crystal Cox. And conspired to discredit the merits of Crystal Cox's appeal in order to favor Defendants ongoing Trade, pressure Plaintiff Cox to stop her appeal or take a settlement offer, harass and threaten Plaintiff Cox, pressure Cox to silence her voice online, use these conspired publications to sue Plaintiff Cox and shut down blogs belonging to Plaintiff Cox.

Upon Knowledge and Belief, Defendants were aware that Plaintiff Crystal Cox had not been convicted of Extortion, and had not been under federal or local authorities investigation for the crime of Extortion, yet Defendants knowingly and in conspiracy with each other launched a continually campaign over 17 months and still ongoing, in order to paint Plaintiff Cox out to be guilty of extortion and thereby ensuring that Plaintiff Cox receive no more independent contracts for media related service, no search engine management clients and put Plaintiff Cox under massive pressure to force her to stop her ninth circuit appeal in Obsidian v. Cox.

Upon Knowledge and Belief, Defendants agreed that Plaintiff Cox was guilty of Extortion and that they would paint her out to be an extortionist, based on their own personal agreements of causing such harm and not based on any fact of conviction of Plaintiff Cox of the crime of Extortion.

Defendants are liable for the damage they have caused Plaintiff Cox personally and professionally over the last 17 months, and the irreparable, immeasurable damage their actions will cause for the remainder of Plaintiff's Cox's life.

"As long as two or more persons agree to perform a wrongful act, the law places civil liability for the resulting damages on all of them, regardless of whether they actually commit the tort themselves. 'The effect of charging . . . conspiratorial conduct is to implicate all . . . who agree to the plan to commit the wrong as well as those who actually carry it out.' " (*Wyatt v. Union Mortgage Co.* (1979) 24

Cal.3d 773, 784 [157 Cal.Rptr. 392, 598 P.2d 45], internal citations omitted.)

"The elements of a civil conspiracy are '(1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting.' " (*Mosier v. Southern California Physicians Insurance Exchange* (1998) 63 Cal.App.4th 1022, 1048 [74 Cal.Rptr.2d 550], internal citations omitted.)

Defendants have engaged in conspiracy to harm Plaintiff Cox.

Under California Law and Federal Law Defendants have engaged in tortuous conduct based on civil conspiracies that discriminate against Plaintiff Cox

The Cartwright Act governs actions based on conspiracies in restraint of trade. Defendants have acted in conspiracy against Plaintiff's Trade.

Defendants agreed, conspired, and engaged in collusion to deprive Plaintiff Cox of her reputation, future media contracts, right to quiet enjoyment and quality of life, business opportunity, and put Plaintiff Cox under extreme duress, hatred, and ongoing retaliation.

Upon Knowledge and Belief, Each Defendant agreed and published false and defamatory statements to a third party concerning Plaintiff Cox in order to discredit Plaintiff Cox and paint her in false light in order to further their cause, their agenda and their first amendment rights over the rights of Plaintiff Cox.

Many Defendants such as Forbes and the New York Times are large corporations. These defendants conspired to defame, discredit, humiliate and paint Plaintiff Cox in false light in order to STOP Plaintiff Cox from having support in her appeal to the ninth circuit in Obsidian v. Cox which is a case directly involving the rights of blogger vs. the rights of Media such as Forbes and the New York Times.

As a direct and proximate result of Defendants conduct, Plaintiff Crystal Cox has suffered and will continue to suffer, monetary loss, emotional suffering, quality of life suffering, irreparable injury to her business, reputation and good will.

Under NRS 597.810, Plaintiff Cox is entitled to relief, actual damages and punitive damages.

**Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants desperately needed to slow down, or even halt the Crystal Cox Story as it had set off a global alarm in a ruling that bloggers are not journalists.**

This opened a decade long debate and controversy on just who is concerned a journalist, as a matter of law. Most had thought this was established long ago and was shocked at this new development and flat out statement that a blogger is not a journalist and therefore does not have equal rights under the law or the constitution.

Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants needed the Crystal Cox case to have immediate discrediting tactics and to even do all possible to actually stop her from appealing in whatever means necessary.

News spread quickly of a federal judge ruling that a blogger reporting on a a high profile bankruptcy trustee was not a journalist and therefore was not protected under shield laws, retraction laws, and other reporters privilege laws because she was a blogger and not associated with any known media.

Not only had this federal judge ruled that laws that apply to traditional media do not apply to new media and bloggers, but also this judge ruled that the First Amendment did not apply to this blogger, because she was not a journalist. Thereby completely disregarding the fact that she is a citizen of the United States and is equally protected under the constitution as any other person, whether a journalists, reporter or any other citizen. This too caused massive alarm and controversy.

There were scholars, lawyers, independent media worldwide, and all manner of uproar in defense of Plaintiff's rights. Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants desperately needed to change the public perception of

this situation and to halt the global uproar defending Cox in this manner, and thereby defending the rights of all whistle blowers, bloggers, and citizen journalists.

So Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants began to paint Plaintiff Cox out to be a Criminal and to defame, humiliate, harass and discredit Plaintiff Cox in order to quiet her supporters and to squash the idea that she should have equal protection as traditional media.

Defendant Kashmir Hill, Forbes, took an email from Defendant Kevin Padrick completely out of context, without research of facts and used this as her ammunition to discredit Plaintiff Cox worldwide. Defendant Kashmir Hill, Forbes used this partial email out of context and painted a picture of Crystal Cox as a criminal guilty of extortion. Defendant Kashmir Hill, Forbes also accused Cox of extorting Defendant Marc Randazza who was Cox's attorney briefly and of attacking a toddler via blog. None of which is true, and is defamation as a matter of law.

After Getting massive pressure on the Ruling, the Judge in the case joined the Defendants in discrediting Plaintiff Cox and suddenly in a denial for a new trial, Judge Marco Hernandez claimed that bloggers can be journalists just not this blogger. This judge suddenly turned a civil case into a criminal case and insinuated that Cox was not a journalist because of her standards, ethics and even seemed to used the words of an email from Crystal Cox sent in her pro se capacity, long after the blog post she was on trial for, as some NEW reason that Plaintiff Cox was not a journalist and therefore not protected under the laws that apply to journalists nor was Plaintiff Cox protected under the constitution of the United States.

Judge Marco Hernandez singled out blogger Crystal Cox in selective prosecution as if to be the only blogger in the world that did not have free speech rights, first amendment rights

or equal rights as traditional journalists.  Judge Marco Hernandez did this to appease Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants, as it is not based in law, facts nor even the established merits of the Crystal Cox Case.

KBOO Radio station in Portland Oregon, a small supposedly independent Radio station reported to Plaintiff Cox that they had received a memo telling them to stay clear of the Crystal Cox story. It is reported that this memo went to all "traditional" media and demanded, suggested and even threatened to stop funding if they reported on the Crystal Cox case.

It seemed that even Democracy Now had been involved in quieting the Crystal Cox story as quickly as possible and the easiest way to do this was to discredit Plaintiff Cox, make her look as if she is a criminal and somehow paint her out to be some kind of monster attacking a "toddler".

Defendants are liable for the damage they have caused Plaintiff Cox personally and professionally over the last 17 months, and the irreparable, immeasurable damage their actions will cause for the remainder of Plaintiff's Cox's life.

As you read the following please note that this issue is heightened by the fact that it is not simply a matter of an Oregon blogger allegedly defaming an  Oregon Financial Company. As Obsidian is involved in multiple state activities, and blogger Crystal Cox was a resident of Montana when Obsidian sued her, and was a resident of Colorado when the Blog post she went to trial for was published. This is not simply a state matter, and has global impact

OBSIDIAN FINANCE GROUP, LLC, ET AL., v. Crystal Cox Ninth Circuit Amicus Brief Points regarding the importance of the Obsidian V. Cox case and the motive to violate anti-trust laws and involve in conspiracy to discredit, defame, intimidate, harass and ruin Plaintiff Cox.

Defendants are engaged in conspiracy to discredit Plaintiff Cox, in a desperate attempt to keep their monopoly of journalistic privilege, reporter privilege and free speech.

Defendants are engaged in conspiracy to defame Plaintiff Cox in effort to discredit blogs in the legal precedence as a viable source of news in direct competition with Defendant Forbes and Defendant New York times as well as other John and Jane Doe Defendants.

Points regarding Obsidian V. Cox, and its massive importance to New Media, made in the BRIEF AMICUS CURIAE OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS. Below are quotes from this brief, in effort to show the importance of the Obsidian v. Cox case and the motive for Defendants to STOP Plaintiff Cox from appealing, and at the same time single her out, discredit her and paint her in a false light as undeserving of constitutional rights and protection under the laws that protect traditional journalists / reporters.

"Amicus has a strong interest in ensuring that courts apply broad constitutional protections to all manner of journalists subject to defamation suits, whether mainstream reporters or bloggers. Amicus has concerns about the lower court's interpretation and application of Oregon's defamation law, particularly its analysis concerning when speakers can be classified as members of the media and what speech constitutes matters of public concern."

"The decision in the trial court below turned on whether a blogger defendant was a journalist and whether her speech involved a matter of public concern – both of which affects the standard of liability under Oregon law."

"In addressing the question of who qualifies as a member of the news media, the lower court adopted several restrictive criteria that do not take into account the fast-evolving nature of the journalism profession and that severely limited the class of individuals who can take advantage of the increased First Amendment protections that limit the law of defamation. The determination of whether a particular person qualifies for such protections cannot be based on what a journalist's job traditionally has been; rather, any test must be closely matched to the constitutionally protected function journalists perform.

In assessing whether the speech in this case involved a matter of public concern, the lower court focused on the status of the plaintiffs and pointed out the lack of public debate in the subject matter of the speech. But speech that has yet to stir any public controversy may be no less a matter of public concern than speech that arises after a public dispute develops. To hold otherwise has the potential to

provide newsgatherers who are first to alert the public to potential misconduct –breaking the story before there is any public awareness, much less interest – a lesser degree of constitutional protection than individuals who speak out only after the public is already aware of the facts of the story. Such a rule would turn First Amendment jurisprudence on its head. The lower court is in error and should be reversed."

"The distinction between media and non-media defendants in private-figure libel suits creates a heightened interest in broadly defining the term "news media."

"The distinction between the standard of liability for a media defendant and a nonmedia defendant thus makes the definition of that term critically important in libel cases decided under Oregon law."

"Courts must interpret the term "media defendant" broadly enough to include any content providers who have the intent, when gathering information, to disseminate it to the public."

"Long before the advent of the Internet, the Supreme Court recognized that the definition of "press" does not depend on the medium of distribution of the speech in question."

The press in its historic connotation comprehends every sort of publication which affords a vehicle of information and opinion." 303 U.S. 444, 452 (1938). Indeed, many courts and legal scholars have openly expressed their concerns with the difficulties of defining who may fairly be classified as a journalist.

Many courts, including this one , have adopted workable definitions of news media in reporter's privilege cases, holding that a testimonial privilege applies to individuals engaged in the practice of compiling information for public dissemination. The criteria adopted encompass not simply the traditional press but also nontraditional newsgatherers such as those who, without any affiliation with a recognized media entity, publish their material online."

*"The U.S. Court of Appeals for the Second Circuit was among the first to establish that a nontraditional journalist can invoke a reporter's privilege when, at the time of the newsgathering, he or she has the intent to investigate and disseminate news to the public."*

*"The U.S. Court of Appeals for the Second Circuit was among the first to establish that a nontraditional journalist can invoke a reporter's privilege when, at the time of the newsgathering, he or she has the intent to investigate and disseminate news to the public. "*

*".., it is the author's function that determines whether he or she could be fairly classified as a member of the media and therefore entitled to the constitutional protections.."*

*"Courts must apply a broad definition of whether speech is in the public interest for purposes of establishing the standard of fault in libel cases." "The question of what constitutes a matter of public concern must be answered broadly to protect constitutional interests."*

*"the analysis the lower court undertook in determining that Crystal Cox's speech was not a matter of public concern was too narrow to comply with the broad principles outlined by both this Court and the Supreme Court. Obsidian Finance Group, LLC v. Crystal Cox, No. 3:11-cv-57-HZ (D. Or. March 27, 2012). The lower court attempted to distinguish Cox's case with several cases she cited in her brief in support of her motion for a new trial by emphasizing that those cases demonstrated a higher level of public concern by exposing political corruption. Id. Such a narrow interpretation of the public concern test is at odds with both this Court and the Supreme Court. "*

## Defendants have great motive to STOP Crystal Cox and to defame and discredit Plaintiff Crystal Cox.

OBSIDIAN FINANCE GROUP, LLC, ET AL., v. Crystal Cox Ninth Circuit Amicus Brief Points regarding the importance of the Obsidian V. Cox case and the motive to violate anti-trust laws and involve in conspiracy to discredit, defame, intimidate, harass and ruin Plaintiff Cox.

*Here are quotes from the United States Court of Appeals for the Ninth Circuit Scotus Blog ("Supreme Court of the United States Blog" ) amicus brief, illustrating the importance of the Crystal Cox case, and why big media wants to discredit, defame, and paint Crystal Cox in false light.*

*"SCOTUSblog would also be unable to show that it has "credentials or proof of affiliation with any recognized news entity." The Supreme Court and Senate Press Gallery have refused to grant the blog a press credential."*

*"SCOTUSblog respectfully asks this Court to make clear that non-traditional news sources, such as blogs, that provide a useful public service by gathering, analyzing, and disseminating information are entitled to the same First Amendment protections as traditional news media even if they cannot make most of the showings outlined by the district court in this case. "*

*"...s this brief to illustrate for the Court how a "blog" that provides a useful public service and that ought to receive the protections of the First Amendment .."*

*"The prospect that the blog could face lawsuits like the one at issue here, causing the blog to incur high legal costs to defend against a lawsuit and, if found liable, substantial money damages, will certainly have a chilling effect on the content of our posts. And that chilling effect will in turn result in less complete coverage of the events that transpire at one of the country's least understood, but most consequential, institutions: the Supreme Court of the United States."*

*"SCOTUSblog Could Not Satisfy Several Of The Criteria Articulated By The District Court." The question presented by this case creates significant concerns for SCOTUSblog, because of the prospect that it too could face lawsuits like the one filed by Obsidian in this case. Specifically, like Cox, the blog and its staff could not make several of the showings outlined by the district court in this case, leaving it vulnerable to an adverse decision in a defamation case."*

**If Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants could effectively discredit Plaintiff Cox or even stop her from appealing her case or giving up her appeal**

Defendants pressured Plaintiff Cox with emails such as from Defendant Jason Jones threatening that if Plaintiff Cox does not cut a deal and not appeal that he would interject himself into her case, her life and Defendant Jones has followed through, 17 months and counting of blog attacks, hate, defamation and retaliation against Cox. This after he emailed her and demanded she do as he says, as he wishes her to do in the Obsidian case or he will take action. Cox refused to do as Jones demanded and he followed through with her threats.

Plaintiff Cox has had offers to settle, threats, harassment, retaliation and even had her rights to appeal go to auction in Portland Oregon.

In November of 2012, Defendant David Aman and Defendant Steven Wilker of Tonkon Torp Law Firm conspired with Defendant Marc Randazza, Cox's former Attorney, and they filed documents in Jefferson County, Washington and in Multnomah County Oregon in order to file a judgement lien on Plaintiff's Cox's right to appeal Obsidian v. Cox, as an asset.

### Multnomah County Sheriff Office Case Number 1212-15329

Keep in mind that Plaintiff Crystal Cox is pro se in the matter of her judgment, her assets and the execution of a $2.5 million dollar judgement. And that Cox has attorney representation on her appeal to the Ninth Circuit, which is UCLA Law Professor Eugene Volokh.  At the time of this judgement lien filing Crystal Cox's appeal briefs were half way through.  Crystal Cox represented herself on matters of the judgement and therefore the conspiring of lawyers Defendant David Aman and Defendant Steven Wilker of Tonkon Torp Law Firm conspired with Lawyer Defendant Marc Randazza and Lawyer ( Plaintiff in Obsidian v. Cox) Defendant Kevin D. Padrick.

Defendant Marshall Ross, Senior Deputy for Defendant Daniel Staton, Sheriff in the name of the State of Oregon and of the Multnomah County Sheriff's Office issued a NOTICE of Judicial Sale of Crystal Cox's "right to appeal" Obsidian v. Cox., by virtue of a Writ of Execution, in the name of the State of Oregon, mailed to Cox by Defendant David Aman and Defendant Steven Wilker of Tonkon Torp Law Firm  delivered to Cox through the USPS and a Sheriff's sale to follow on the steps of the Multnomah County Courthouse.

### Multnomah County Sheriff NOTICE of Judicial Sale

"Case No. 1212-15329 - By virtue of a Writ of Execution issued out of the Circuit Court of the State of Oregon from Multnomah County, in the case entitled: In the Matter of a Foreign Judgment Rendered in the Case of Obsidian Finance Group, LLC and Kevin D. Padrick, Plaintiffs vs Crystal Cox, Defendant, on the 3rd day of January 2013, I levied upon the following intangible personal property of Crystal Cox, judgment debtor; to-wit:

All of judgment debtor's rights and interests in connection with the case originally filed in the United States District Court for the District of Oregon, styled as Obsidian Finance Group v. Cox, Case No. 3: 11-cv-57-HZ, and now pending in the United States Court of Appeals for the Ninth Circuit, Case Nos. 12-35238 and 12-35319, including her right to pursue an appeal in the matter.

Notice is hereby given that on Wednesday the 16th day of January 2013, at 10:30 AM at the east front entrance to the Multnomah County Courthouse, 1021 SW 4th Ave., Portland, OR, in Multnomah County, Oregon, I will sell the above described intangible property to the highest bidder for cash in hand; judgment creditor may bid against the judgment.

Full payment at time of sale in U.S. Currency required - no checks of any type accepted.

All potential bidders are subject to inspection of funds prior to or during participation in the auction. Individuals without proof of sufficient funds will not be allowed to participate.

DANIEL STATON, Sheriff

Marshall Ross, Senior Deputy

503-251-2516

Civil Unit"

This Judicial Sale Notice was executed in the name of the State of Oregon.

Defendants would have succeeded in taking this right to appeal from Cox, who had no representation in the matter of her judgement, had she not been diligent in checking her

local mail and made a pitch to Attorney Eugene Volokh to aid her in this matter, and sign the appropriate contracts for representation in this matter and all over the Christmas holiday. Defendants tried to slip this in and flat out STEAL Plaintiff Cox's right to appeal a $2.5 Million Judgement and a Free Speech precedence that is the first of it's kind.

*" to use state law proceedings to cut off the federal appellate process, and to eliminate defendant Crystal Cox's right to appeal. They have requested that the Multnomah County Sheriff seize and then sell Cox's "right to pursue an appeal"—as part of Cox's "intangible personal property." The Multnomah County Sheriff has scheduled a sale on Cox's right to appeal on January 16, 2013. Plaintiffs presumably plan to buy the right at auction for a nominal sum. (No one besides plaintiffs and defendant would find the right valuable.) Once plaintiffs acquire this right, it seems likely that they would try to use it to stop pursuing the appeal, whether by declining to file a reply brief, by declining to defend the cross-appeal, by declining to provide substantive argument at oral argument, or (most likely) by trying to dismiss the appeal.*

*This end run around Cox's federally secured rights to pursue the appeal in this case is improper, and ought to be blocked so that the appeal can proceed the way the Federal Rules of Appellate Procedure provide. This is so for six related reasons.*

*First, plaintiffs' attempt to seize Cox's appeal rights contravenes the Federal Rules of Appellate Procedure, which provide that appeal decisions must be made by the appellant, with no provision for forcible seizure of those rights. See Part I, infra.*

*Second, while some federal and state statutes require an appeal bond for the amount of the judgment before defendants may appeal, the Rules reject any such requirement, thus securing poor defendants' ability to appeal even if they cannot afford such a bond. A supersedeas bond may be required for the amount of the judgment to stay the execution of the judgment, but no bond for the amount of the judgment is required to pursue the appeal itself. Plaintiffs' attempt, if successful, would contradict the Rules by effectively precluding poor defendants from appealing unless they can file a supersedeas bond and thus stay the execution of the judgment. See Part II, infra.*

*Third, plaintiffs' attempt to block this appeal would violate Cox's First Amendment rights to independent appellate review in libel cases. See Part III, infra.*

*Fourth, plaintiffs' attempt to block this appeal would violate Cox's First Amendment rights to petition the Ninth Circuit for redress of grievances. See Part IV, infra.*

*Fifth, plaintiffs' attempt to use state procedures to block a federal appeal impermissibly intrudes on the authority of the federal courts. See Part V, infra.*

*Sixth, a defendant's right to pursue an appeal is not an intangible property interest under Oregon law, and thus cannot be subject to levy and sale. See Part VI, infra.*

*"Cox moves for a temporary restraining order that would bar plaintiffs from attempting to buy her right to appeal at any forced sale, or in any transaction resulting from the forced sale.*

*Cox likewise moves that the Sheriff of Multnomah County be restrained under such an order from conducting the forced sale. The Sheriff is a "person[] who [is] in active concert or participation" with plaintiffs, FED. R. CIV. P. 65(d)(2)(C), in that he is planning to conduct the forced sale pursuant to a request by the plaintiffs (Exhibit 1 at 1), and in a context in which the plaintiffs or the plaintiffs' agents are likely to be the buyers. Under FED. R. CIV. P. 65(d), an order of this court could bind the Sheriff not to effectuate plaintiffs' attempt to circumvent the federal appellate process."*

*"The Federal Rules of Appellate Procedure Preclude Seizing or Otherwise Transferring the Appellant's Powers to Pursue the Appeal"*

*"The Federal Rules of Appellate Procedure Secure Defendants' Rights to Appeal, Even When Defendants Lack the Assets for Filing a Supersedeas Bond."*

*"erroneous denial of constitutional protection is a violation of constitutional rights, appellate courts must "exercise [independent] review in order to preserve the*

*precious liberties established and ordained by the Constitution." Id. at 511. Second, independent appellate review should help "confine the perimeters of any unprotected category within acceptably narrow limits in an effort to ensure that protected expression will not be inhibited." Id. at 505.*

*The content of many Free Speech Clause rules "is not revealed simply by [the rule's] literal text"; rather, the rules must be "given meaning through the evolutionary process of common-law adjudication." Id. at 502. Therefore, appellate judges, "as expositors of the Constitution, must independently decide whether the evidence in the record is sufficient to cross the constitutional threshold." Id. at 511. This rule has been repeatedly applied in libel cases. See, e.g., Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657, 685–86 (1989); Time, Inc. v. Pape, 401 U.S. 279, 284 (1971); New York Times Co. v. Sullivan, 376 U.S. 254, 284–85 (1964*

*"Plaintiffs' Attempt to Use State Remedies to Interrupt a Federal Appeal Violates the Supremacy of Federal Law"*

*"Oregon Law Precludes Levying on a Defendant's Appeal Rights, Because Those Rights Do Not Constitute "Property""*

"A defendant-appellant's right to pursue an appeal, in the hope of erasing a judgment against her, does not qualify as a property right under these precedents. Neither federal law nor Oregon law has ever described this right as being "owned." It lacks the normal incidents of ownership, such as alienability. See Part I, supra. It is not "something that . . . may be . . . possessed," nor does it constitute an "exclusive right to possess, use, enjoy, or dispose of a thing."

Excerpts from the EFF Amicus Brief, further proof of how important this case is to citizen journalists, new media, bloggers and free press AND why Defendants have fought so hard to defame, harass, threaten and retaliate against Plaintiff Cox.

*"The jury's verdict of November 29, 2011, finding the Defendant Crystal Cox liable for $2.5 million in defamation damages, is troubling not only because of the erroneous defamation standard applied and because of the excessively high award but also because of the speech chilling message it sends to the broader Internet community. The First Amendment protects all speakers, not just the press, from strict defamation liability. Moreover, protected-though-critical speech cannot be the basis for a verdict reached by a sympathetic jury. Especially when read in light of the Court's (unnecessary and erroneous) additional rulings regarding if and how online speakers can earn an elevated "media" or "press" status, these findings paint an unnecessarily risky legal landscape for such speakers in the district, one at odds with the First Amendment and Oregon law. Accordingly, the jury's verdict should be overturned and a new trial granted. Moreover, amicus urges the Court to additionally reconsider its rulings denying the Defendant the protections of Oregon's retraction and shield law statutes. "*

*"Under the First Amendment, contrary to the Court's Order of November 30, 2011, a successful defamation action requires at least a showing of negligence, regardless of the "media" status of the defendant. As the jury found Cox liable for defamation pursuant to jury instructions that did not include such a limitation, the verdict must be overturned and a new trial granted. Moreover, the jury's award – $2.5 million based on a single blog post, undifferentiated from the myriad other allegedly defamatory posts that the Court eventually found to be protected speech under the First Amendment – was excessive and unsupported by sufficient evidence and thus cannot stand. Combined with the other overreaching rulings regarding Cox's media status, these errors will leave online speakers in the district unnecessarily and unconstitutionally chilled."*

*"The Jury's Award Was Excessive and Lacked an Evidentiary Foundation. EFF also agrees with the Defendant that the jury's damages award was unsupported by the evidence"*

*"The Court's Additional Erroneous Findings Regarding the Defendant's*

*Media Status Amplifies the Impact of the Improper Jury Instruction and*

*Threatens to Further Chill Speech.*

*Amicus is concerned not only with the improper application of First Amendment*

*standards to the Internet speaker in the immediate case but also with the message that the Court's rulings will send to the broader Internet community. Combined with the pre-trial rulings filed by the Court on November 30, 2011, they together threaten to chill speech in contravention of the First Amendment. Therefore, in addition to granting Defendant's motion for a new trial, amicus strongly urge the Court to reconsider two of its previous First Amendment decisions regarding the Defendant's "media" status."*

*"While the scope of the First Amendment protections afforded to Internet journalists is a salient and important question, here the primary question was not whether "a self-proclaimed 'investigative blogger' is considered 'media' for the purposes of applying a negligence standard in a defamation claim" but whether all speakers enjoy the same affirmative First Amendment protections regardless of media status."*

**Title 18, U.S.C., Section 241 - Conspiracy Against Rights, Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law, Title 18, U.S.C., Section 245 - Federally Protected Activities, Provisions against Conspiracies to Interfere with Civil Rights (42 U.S.C. § 1985), Section 241 of Title 18 is the civil rights conspiracy statute, Conspiracy Against Rights, 18 U.S.C. § 241. Section 241 of Title 18**

Defendants not only stated that Plaintiff Cox was engaged in Extortion, which is a crime but actually stated that Plaintiff Cox was an Extortionist, insinuated that Plaintiff Cox had been convicted of the crime of extortion by a court of law. And misleading the public at large, the world as to the merits of the Crsytal Cox case being criminal in nature, when in fact Obsidian v. Cox was a civil trial regarding a defamation allegation and NOT a criminal trial regarding accusations of Extortion.

In fact Plaintiff Crystal Cox was not even under investigation for Extortion, was not on trial for Extortion, had no criminal complaint of extortion filed against her, and

was not found guilty by a court of law, a judge, or any other official, for the crime of Extortion.

Defendants acted in conspiracy against the rights of Plaintiff Cox and have cause immeasurable, irreparable harm to Plaintiff Cox.

FRAUD ON THE COURTS

## FRAUD on the COURT Regarding Adjudication
## and First Amendment Concerns / Issues

In the United States, when an officer of the court is found to have fraudulently presented facts to court so that the court is impaired in the impartial performance of its legal task, the act, known as "fraud upon the court", is a crime deemed so severe and fundamentally opposed to the operation of justice that it is not subject to any statute of limitation.

Officers of the court include: Lawyers, Judges, Referees, and those appointed; Guardian Ad Litem, Parenting Time Expeditors, Mediators, Rule 114 Neutrals, Evaluators, Administrators, special appointees, and any others whose influence are part of the judicial mechanism. "Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication". Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23

In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. ... It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

What effect does an act of "fraud upon the court" have upon the court proceeding? "Fraud upon the court" makes void the orders and judgments of that court.

### Cause of Action 4.) Duty of Care; Breach of Duty, Negligence Tort, Professional Negligence

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

Defendants have acted in Breach of Duty and Care, have been Negligent and have caused Plaintiff Injury.

### Cause of Action 5.) 18 USC § 1512 - Tampering with a witness, victim, or an informant

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

Defendants Marc Randazza and Jason Jones and other Defendants have tampered with witnesses and have caused Plaintiff Damage.

### Cause of Action 6.)   Tortious Interference with Business,  Violation of Civil Rights (42 USC §1983 Cases)

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

**Title 11 of United States Code, 11 U.S.C. §101-1330, All Laws applying to Tortious Interference.   Interference with Plaintiff's Prospective Business Advantage**

**Defendants have Tortiously Interfered with the business prospects, contracts, online marketing and more business opportunity of Plaintiff Cox.**

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

Defendant have Violated Tortious Interference Laws and have interfered tortiously with the business, future business, clients, customers, buyers of Plaintiff Crystal Cox's products and services.

Defendant have Tortiously Interfered with Plaintiff Cox getting clients and business by accusing her of criminal activity and being guilty of a crime. Plaintiff Crystal L. Cox is not guilty of, was not

on trial for, nor ever had a criminal complaint in regard to extortion, yet Defendants have painted Cox in false light as guilty of the crime of extortion.

Defendant Marc Randazza and Co-Conspirators and Defendants have maliciously lied about Plaintiff, painted her in false light, defamed her, mobbed her online, threatened her and  attacked her in this public accusation of committing a crime.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally.

Plaintiff Crystal L. Cox Requests a judgment against Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

Defendant are guilty of Tortious Interference.

Defendant have painted Plaintiff Cox in false light. There is a now a public image that Plaintiff Crystal L. Cox makes money by extortionary methods, of which there is no proof of Cox ever having this stated business model, scheme or criminal activity.


Defendant are guilty of Tortious Interference with the business advantage of Plaintiff Cox.


### Interference with Plaintiff's Prospective Business Advantage

Plaintiff Crystal L. Cox re-allege and fully incorporate the preceding paragraphs.

Defendants have Interfered with Plaintiff's Prospective Business Advantage.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

By painting Plaintiff Crystal L. Cox in false light, defaming her, accusing her of Extortion of which there is no prosecution or trial record of, Defendant have Interfered with Plaintiff Cox's Prospective Business Advantage.

## Cause of Action 7.)  Anti-Trust Laws, Competition Laws, the Sherman Act, Clayton Act, Antitrust Procedures and Penalties Act ("APPA" or "Tunney Act")

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

Plaintiff Crystal Cox alleges that Defendant Forbes, Defendant New York Times, and Defendant WIPO along with other Defendants of this complaint and John and Jane Doe Defendants, have engaged in activity that violate Anti-Trust Laws, "competition laws", and violates the Sherman Antitrust Act and Section 3 of the Clayton Act.

Plaintiff alleges that Defendant Forbes, Defendant New York Times, and Defendant WIPO are engaged in a civil conspiracy to discredit, defame, threaten, pressure a blogger that is representative of all independent media, free press, citizen journalists, whistleblowers, and online media sources that are not owned by large corporations and associated press media companies such as Defendant Forbes and Defendant New York Times.

Plaintiff Crystal Cox alleges that Defendant Forbes, Defendant New York Times, and Defendant WIPO along with other Defendants have engaged in activities in which attempt to disqualify new media such as blogs as a viable source of news competing with their massive news corporations that have held such a long standing stronghold.

Plaintiff Crystal Cox alleges that Defendant Forbes, Defendant New York Times, and Defendant WIPO along with other Defendants have engaged in activities that paint Plaintiff Crystal Cox out to be a criminal and one who attacks "toddlers" online and therefore is not media, is not a journalist and is not protected under the constitution or  the laws that protect traditional journalists such Defendant Kashmir Hill of Forbes and Defendant David Carr of the New York Times.

Defendants combined actions, in civil conspiracy, have effectively shut down Plaintiff's online media business in a way of potential and promised revenue, and ad dollars.

Defendant's have ruined the reputation of Plaintiff Cox as an investigative blogger and search engine manager. Plaintiff thereby lost revenue and future jobs with those she had been under prior independent media contract with. And Plaintiff Cox was denied future jobs of which Plaintiff was working toward, and also Plaintiff lost immeasurable business that Plaintiff would have secured over the life of her business.

The actions of Defendants have caused irreparable harm to Plaintiff Crystal Cox. And have violated anti-trust laws in wiping out competition of blogs as media equal in law and rights as "Big Media" such as Defendant Forbes and Defendant New York Times.

Defendants created a media storm in what is deemed as reputable publications such as Forbes, the New York Times, and WIPO, in which painted Plaintiff out to be a criminal guilty of the crime of extortion. Defendants flat out stated that Plaintiff was guilty of extortion, had committed extortion. There is no fact in this accusation and it directly caused contracts to cease, future business to come to a halt and hate and retaliation to ignite.

Defendant Forbes, the Defendant New York Times, and Defendant WIPO are major corporations, organizations and powerful entities. Plaintiff Cox alleges that they, along with other Defendants of this complaint and John and Jane Doe Defendants, have engaged in activity that violates Anti-Trust Laws, "competition laws", and violates the Sherman Antitrust Act and Section 3 of the Clayton Act.

Plaintiff Cox allege that Defendants conspired by way of emails to pressure Plaintiff Cox, threats of false testimony, intimidation, harassment, seizing appeal rights, constant publications of Plaintiff being a criminal, threats of violence, suing Plaintiff, seizing blogs and intellectual property without due process, destroying interpersonal relationships and public opinion of Plaintiff Cox, and various other tactics in order to STOP Plaintiff Cox from appealing her highly controversial legal case Obsidian v. Cox. A case in which could set a precedence that would end the monopoly that Defendants Forbes, Defendants New York times and other "big media" have firmly in place.

Obsidian v. Cox is the most important free speech, First Amendment legal case of our times ( new media) and for the equal rights of citizen journalists, independent media, free press and their equal rights of protection under the U.S. legal codes and the Constitution.

Obsidian v. Cox will firmly establish once and for all who is media, who is a journalist and who is protected under those media privilege rights that established, traditional media have historically benefitted from.

Blogs, new media online, and independent web sites are the only voice that the victims of corruption have. Bloggers, whistleblowers, new media reporters are providing a service that is a necessity in order for true, independent news to get to the people aKa consumers, clients, customer, public at large.

Defendant Forbes, the Defendant New York Times absolutely need the Obsidian v. Cox

case to come to a halt, and they need Plaintiff Cox to be discredited, intimidated and they were involved in attempting to stop Cox from her appeal. Defendants have singled out Plaintiff Cox, have selectively prosecuted Plaintiff Cox and painted the picture that she is the only blogger, the only woman, the only citizen in the United States in which the First Amendment does not apply. Defendants have created a false light internationally making Plaintiff Cox look like someone who does not deserve "journalistic privilege", "reporters privilege", shield laws, retraction laws, anti-slapp laws, and does not "deserve" rights of Free Speech nor rights under the Constitution of the United States of America.

Defendant Forbes, the Defendant New York Times, and Defendant WIPO along with other Defendants of this complaint and John and Jane Doe Defendants have engaged in behavior that has eliminated the competition of blogs as a viable media source, by effectively discrediting a blogger whose case merits are "who has journalistic protect by law", "who can be called a journalist", "who does the first amendment apply to in media", "who is a media defendant", and will once and for all truly clarify the issues debated over who should be protected under media privilege and who should not.

If a blogger such as Crystal Cox who is breaking stories of corruption and reporting on news that Forbes and the New York Times refuses to report in effort to protect politicians, advertisers, big corporations, judges and elite law firms, then the playing field will be leveled and Defendant Forbes, the Defendant New York Times will lose their monopoly, their ad dollars and their stronghold over the news. As bloggers, new media will have equal protection under the law.

Therefore Defendant Forbes, the Defendant New York Times have great motive to use extreme measures to discredit, harass, paint in false light, defame, and thereby eliminate any idea that Plaintiff Cox, n anti-corruption blogger should have equal rights as they have in their firmly established traditional media cartel monopoly. The actions defendants have taken to harass, discredit, defame, and retaliate against Plaintiff Cox violates Anti-Trust laws, competition laws and seeks to wipe out bloggers, citizen journalists, investigative bloggers, and whistleblowers as competition in providing news content to consumer, to the public at large.

That is not to say that Plaintiff claims to be in direct competition with, or the New York Times. However, Plaintiff provided another way for consumers to give news tips to and to receive news, as do thousands of bloggers, citizen journalists, investigative bloggers, and whistleblowers like her.  Defendants Kashmir Hill, Defendant Forbes AND Defendant David Carr, Defendant New York Times and other John and Jane Doe defendants have sought to squash this possibility, in a global retaliation, defamatory campaign against

Plaintiff Cox, who is the precedence, the example, the representative in courts for ALL bloggers, citizen journalists, investigative bloggers, and whistleblowers who are reporting the news, publishing tips, investigative stories, exposing corruption and providing a truly independent news "product" to consumers of news and information online.

Plaintiff was a successful online marketing expert, and was engaged in independent contracts to perform online media services. This came to a halt as Defendants successfully convinced the world the Plaintiff Crystal Cox is an Extortionist, thereby guilty of the crime of extortion and that Plaintiff Cox had a blog about a "toddler". Of which neither is true, nor can defendants prove them true. Therefore under Defamation Law Plaintiff is entitled to compensations, relief, punitive damage and all other relief under the law.

Defendants wanted to stop Plaintiff Cox from appealing here highly controversial First Amendment case, so as to keep their stronghold in place as the "real" news, protected news, "credible" news, and to keep the laws, constitution and courts protecting traditional media as a firmly established source of news, and thereby discrediting blogs, independent media, free press, and whistleblowers using blogs as a medium of communication to the public to publish their news and information content.

Plaintiff Cox alleges that Defendants conspired to make Plaintiff look like a bad person, a criminal, one who attacks children, and therefore to create a media falsehood that would single out blogger Crystal Cox as somehow "not media" nor protected by the same media laws as "journalists" who work for media such as Defendant Forbes and the Defendant New York Times.

Defendants managed to single out Plaintiff Cox as the only person in the world in which could not be protected under free speech laws, the constitution, shield laws and other reporters privilege laws and "special" rights.

Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants desperately needed to slow down, or even halt the Crystal Cox Story as it had set off a global alarm in a ruling that bloggers are not journalists. This opened a decade long debate and controversy on just who is concerned a journalist, as a matter of law. Most had thought this was established long ago and was shocked at this new development and flat out statement that a blogger is not a journalist and therefore does not have equal rights under the law or the constitution.

Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants needed the Crystal Cox case to be discredited quickly. As public outcry was in an uproar that bloggers were not to be treated equally under the law as traditional media.

Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants began to discredit, defame and attack Plaintiff Crystal Cox as quickly as possibly.

Defendant Kashmir Hill's first article Titled "Why An Investment Firm Was Awarded $2.5 Million After Being Defamed By Blogger", was published on December 7th, 2011. This was the exact same date that the Judgement for Obsidian v. Cox was entered onto the docket. Defendant Kashmir Hill was the first to post the email sent to her by Defendant Kevin Padrick, in which they used to paint Plaintiff Crystal Cox in false light and defame Plaintiff Cox.

Defendant Kashmir Hill of Defendant Forbes moved quickly to discredit Plaintiff Crystal Cox. This first article was the the first time that Defendant Kashmir Hill posted false and defamatory statements to a third party concerning Plaintiff Cox. Defendant Kashmir Hill had obviously interviewed Defendant Kevin Padrick in the days prior and received false and defamatory information regarding the email and regarding an investigation by the Oregon Attorney General which never happened.

Yet Defendant Kashmir Hill never contacted Plaintiff Cox for details on the email or as to if it was even a real email. Defendant Kashmir Hill never contacted yahoo or anyone else to see if the email was real. Defendant Kashmir Hill never published surrounding emails or the fact that the email was a REPLY email. Defendant Kashmir Hill never published that the email was sent a MONTH after the post Cox was on trial with and had nothing to do with the merits of the case. Defendant Kashmir Hill did not contact the Oregon Attorney General and verify that there had

been a complaint of any kind, or an investigation of any kind requested.

Defendant Kashmir Hill simply published false and defamatory statements to a third party concerning Plaintiff Cox in order to quickly and deliberately, with total disregard for the truth,  turn public opinion against Plaintiff Cox in order to immediately HALT the support that Cox was getting from around the world on the violations of her first amendment rights. And thereby ensure the monopoly, the stronghold of big media such as Defendant Forbes and Defendant New York Times and ensure her position in traditional media as having rights superior to bloggers.

News had spread quickly of a federal judge ruling that a blogger reporting on a a high profile bankruptcy trustee was not a journalist and therefore was not protected under shield laws, retraction laws, and other reporters privilege laws because she was a blogger and not associated with any known media. Defendant Kashmir Hill in conspiracy with Defendant Kevin Padrick and Defendant David Aman, as well as other big media and John and Jane Doe Defendants turned the Crystal Cox story of a civil trial for defamation into a Forbes Media flat out conviction and accusation of the Crime of Extortion.

Not only had this federal judge ruled that laws applying to traditional media do not apply to new media and bloggers, but also this judge ruled that the First Amendment did not apply to this blogger, because she was not a journalist. Completely disregarding the fact that she is a citizen of the United States and is equally protected under the constitution as any other person, whether a journalists, reporter or any other citizen. This too caused massive alarm and controversy.

There were scholars, lawyers, independent media worldwide, and all manner of uproar in defense of Plaintiff Cox's rights. Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants desperately needed to change the public perception, public image of this situation and to halt the global uproar defending Cox in this manner, on these issues and thereby defending the constitutional and lawful rights of all whistle blowers,

bloggers, and citizen journalists being equal to the constitutional and lawful rights of traditional media, journalists, and reporters.

Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants began to paint Plaintiff Cox out to be a Criminal and to defame, humiliate, harass and discredit Plaintiff Cox in order to quiet her supporters and to squash the idea that she should have equal protection as traditional media. Or that she, herself was even deserving of such protection under the law and the constitution of the United States.

Defendant Kashmir Hill, Forbes, took an email from Defendant Kevin Padrick completely out of context, without research of facts and used this as her ammunition to discredit Plaintiff Cox worldwide.

Defendant Kashmir Hill, Forbes used this partial email out of context and painted a picture of Crystal Cox as a criminal guilty of extortion. Defendant Kashmir Hill, Forbes also accused Cox of extorting Defendant Marc Randazza who was Cox's attorney briefly and of attacking a toddler via blog. None of which is true, and is defamation as a matter of law.

After Getting massive pressure on the Ruling, the Judge in the case joined the Defendants in discrediting Plaintiff Cox and suddenly in a denial for a new trial, Judge Marco Hernandez claimed that bloggers can be journalists just not this blogger. This judge suddenly turned a civil case into a criminal case and insinuated that Cox was not a journalist because of her standards, ethics and even seemed to used the words of an email from Crystal Cox sent in her pro se capacity, long after the blog post she was on trial for, as some NEW reason that Plaintiff Cox was not a journalist and therefore not protected under the laws that apply to journalists nor was Plaintiff Cox protected under the constitution of the United States.

Judge Marco Hernandez singled out blogger Crystal Cox in selective prosecution as if to be the only blogger in the world that did not have free speech rights, first amendment rights or equal rights as traditional journalists. This was months after Defendant Kashmir Hill's first publication of false and defamatory statements concerning Cox to a third party.

Upon my knowledge and belief, Judge Marco Hernandez did this to appease Defendants such as Forbes and the New York, as well as other John and Jane Doe Defendants who had pressured him, as it is not based in law, facts nor even the established merits of the Crystal Cox Case.

KBOO Radio station in Portland Oregon, a small supposedly independent Radio station reported to Plaintiff Cox that they had received a memo telling them to stay clear of the Crystal Cox story. It is reported that this memo went to all "traditional" media and demanded, suggested and even threatened to stop funding if they reported on the Crystal Cox case.

It seemed that even Democracy Now had been involved in quieting the Crystal Cox story as quickly as possible and the easiest way to do this was to discredit Plaintiff Cox, make her look as if she is a criminal and somehow paint her out to be some kind of monster attacking a "toddler".

There is no clear definition or clear case precedence that establishes who is a Journalist. The Crystal Cox case is establishing this clarity. Traditional media such as Defendants Forbes and Defendants New York Times has massive motive to silence, discredit, defame and paint blogger Plaintiff Crystal Cox in false light in order to keep their stronghold, their monopoly over free speech rights, their cartel.

The Crystal Cox case fights for bloggers to be qualified for protection under shield laws, free speech laws, retraction laws and the First Amendment of the Constitution. And this directly affects, threatens the power and influence, the cartel, the monopoly that traditional media such as Forbes and the New York Times have.

Plaintiff Crystal Cox is a blogger, her product "the News", " Content" and Plaintiff Cox is in direct competition with her free speech rights, equal rights as a blogger with traditional journalists, reporters.

Defendant have interfered with Plaintiff's ability to generate ad dollars, ability to enjoin in private contracts and to perform media services. Therefore as a blogger in competition with traditional journalists, anti-trust laws apply to the severe damage that Plaintiff Cox alleges defendants have done to her.

**All parties to the conspiracy are directly liable for the damage cause to the reputation, business, and life of Plaintiff Crystal Cox.**

Defendants WIPO, Forbes, and the New York Times not only want bloggers to NOT have equal rights under the law, they desperately need to have this competitive edge over bloggers or they have no business model, no ad dollars and they go out of business. Therefore defendants need to defame, discredit Plaintiff Crystal Cox in order to to create and keep a monopoly of media, and thereby be the only source of news that is credible, and even protected by law.

This deemed credibility gives traditional media a massive competitive edge over bloggers, over new media, and over their competition in the search engines where consumers are looking for this product, which is the news.

This power and influence over the courts in traditional journalists, traditional media having protection by law and by way of the constitution in a way that new media, bloggers, citizen journalists and whistleblowers are not legally protected, is a violation of anti-trust laws, competition laws and seeks to create or KEEP a cartel, a monopoly, in being the only news that is allowed to report freely without concern of litigation and thereby sell ads on their reporting, and have a massive, lucrative monopolistic business model around this content (news and information).

This deemed credibility by law gives traditional media a massive competitive edge, especially if they are the only ones protected by law, by courts, and by the constitution to report the news, information.

The Crystal Cox case fights for the equality of small media, truly independent media, bloggers, whistleblowers, and citizen journalists; equality in the right to seek ad dollars, equality in soliciting tips and information, equality in protection under

shield laws and retraction laws, equality under the First Amendment and free speech laws, equality under the Bill of Rights, equality in credibility, equality in media contracts, equality in press passes to major events, equality in earning potential, equality in media contracts and equal protection under the the courts and constitution of the United States.

The product is news and information, just as in the anti-trust cases of technology or the anti-trust case against the Association of Realtors, in this case the product is the news itself. As Defendants Forbes, and the New York Times, as well as other John and Jane Doe Defendants get the news from the Associated Press and from tips and various other sources, they use this news as content for their newspapers, blogs, websites and various other media. They sell ad space, create revenue from this product and the news is therefore the product in which they need to create a monopoly of.

It is unlawful and a violation of Anti-Trust Laws ,Competition Laws, the Sherman Act, the Clayton Act and the constitutional rights of Plaintiff Cox for Defendants Forbes, and the New York Times, as well as other John and Jane Doe Defendants to paint Plaintiff Cox out to be a criminal in order to keep their stronghold as privileged media under the law and thereby wipe out the competition of Plaintiff Crystal Cox, who in and among herself may not ever threaten these industry giants, however her case precedence in Obsidian v. Cox and the media stir created from it does create a threat to the monopoly, the cartel that Defendants Forbes, and the New York Times, as well as other John and Jane Doe Defendants have been able to enjoy for decades if not centuries.

Defendants need traditional journalist working for mainstream media to remain in power, to keep their monopoly of media, and to have media privilege, reporters privilege and constitutional rights not afforded to citizen journalists, whistleblower, online free press publication, and bloggers.

Therefore Defendants have conspired to defame, discredit and even retaliate remorsefully against Plaintiff Cox in order to affect public views of her case, and to try and stop her appeal as well as to affect the judges involved in these cases, as noted in Randazza v. Cox, whereby Cox's ex attorney Defendant Marc Randazza used the false and defamatory statements made to a third party concerning Plaintiff Cox published by Defendants as legal commentary and evidence in a federal court case in order to shut down massive blogs, online media and seize massive

amounts of domain names, ALL without First Amendment adjudication and Defendant Randazza was able to simply wipe out this content and commit these acts because the judge in the case used the false and defamatory statements of Defendants Forbes, and the New York Times, as well as other John and Jane Doe Defendants as factual evidence against Plaintiff Cox.

It is unlawful and unconstitutional for big media corporations such as Defendants Forbes, and the New York Times, as well as other John and Jane Doe Defendants to create a monopoly of Free Speech rights over Plaintiff Crystal Cox, or over any citizen journalists, whistleblower, free press publication, or any one who is performing newsgathering activities.

This court should use Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants as an example and send a STRONG message to big media corporations,that suppressing the free speech rights of bloggers, independent media, free press, whistle blowers and citizen journalists will not be tolerated as a matter of law and as a matter of constitutional rights.

Violating the rights of independent blogs in favor of conglomerates, major media corporations and wealthy advertisers is unlawful, unconstitutional and violates ALL ideals and anti-trust laws, as well as competition laws, the Sherman Act and aspects of the Clayton Act.

I, Plaintiff Crystal Cox have owned my own real estate company for 13 years. As my background, career wise is Real Estate, I, plaintiff Crystal Cox liken the anti-trust actions of Defendants to the Department of Justice suing the National Association of Realtors in anti-trust violations In U.S. v. National Association of Realtors.  Below are some details of that case, to illustrate the commonalities and as case law providing information regarding the anti-trust elements to the actions of Defendants in this case causing direct harm to Plaintiff Cox and to bloggers, new media, independent news, free press and citizen journalists in general, as a matter of law and precedence.

"U.S. v. National Association of Realtors Civil Action No. 05 C 5140, COMPETITIVE IMPACT STATEMENT";

"Plaintiff United States of America ("United States"), pursuant to Section 2(b) of

the Antitrust Procedures and Penalties Act ("APPA" or "Tunney Act"), 15 U.S.C. §
16(b)-(h), files this Competitive Impact Statement relating to the proposed Final
Judgment submitted for entry in this civil antitrust proceeding.

## NATURE AND PURPOSE OF THE PROCEEDINGS

Overview. The United States brought this lawsuit against Defendant National
Association of Realtors® ("NAR") on September 8, 2005, to stop NAR from
violating Section 1 of the Sherman Act, 15 U.S.C. § 1, by its **suppression of
competition** from real estate brokers who use the Internet to deliver real estate
brokerage services. NAR's policies singled out these innovative brokers and denied
them equal access to the for-sale listings that are the lifeblood of competition in
real estate markets. The settlement will eliminate NAR's discriminatory policies and
restore even-handed treatment for all brokers, including those who use the Internet
in innovative ways."

Defendant Forbes Inc. and Defendant New York Times, as well as other John and
Jane Doe Defendants have violated Section 1 of the Sherman Act, 15 U.S.C. § 1,
by defendants suppression of competition in the business of "media", of news
dissemination, reporting the news and use the Internet to deliver these services,
such as Plaintiff Cox and other independent news sources using the internet to
deliver the service of bring the news to the public.

The Crystal Cox seeks to eliminate discriminatory actions, laws, and rights afforded
to traditional media such as Defendants Forbes and Defendant New York Times.
Therefore defendants have conspired to discredit, defame, harass, and intimidate
Plaintiff Cox and paint her out to be a criminal who is not worthy of protection
under the laws that traditional media is protected under.

### The  "U.S. v. National Association of Realtors Civil Action No. 05 C 5140,
### COMPETITIVE IMPACT STATEMENT" goes on to say:

"NAR's Challenged Policies. On May 17, 2003, NAR adopted its "VOW Policy," which

contained rules that obstructed brokers' abilities to use VOWs to serve their

customers, as described below in Section II. After an investigation, the United

States prepared to file a complaint challenging this Policy.

On September 8, 2005, NAR repealed its VOW Policy and replaced it with its Internet Listings Display Policy ("ILD Policy"). NAR hoped that this change would forestall the United States' challenge to its policies. NAR's ILD Policy, however, continued to discriminate against VOW brokers. As part of its adoption of the ILD Policy, NAR also revised and reinterpreted its MLS membership rule, which would have excluded some brokers who used VOWs, as detailed below in Section II. (NAR's VOW and ILD Policies, including its membership rule revision and reinterpretation, are referred to collectively in this Competitive Impact Statement as NAR's "Challenged Policies.")

As an association of competitors with market power, NAR's adoption of policies that suppress new and efficient competition to the detriment of consumers violates Section 1 of the Sherman Act, 15 U.S.C. § 1."

Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants have used their market power to ruin and discredit Plaintiff Cox and to create a monopoly of free speech rights.  Defendants have used their market power and influence in order to influence public perception and opinion of Plaintiff Crystal Cox and thereby the Obsidian v. Cox case and use this perception in order to create a worldview of just who has the rightful title of media, journalist and reporter and the lawful rights, privileges and constitutional rights that come with it.

Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants use their power and clout to suppress new and efficient competition in the area of news media, and this is a detriment to the news consuming public who has a right to "consumer" independent media, independent news sources in a free and competitive marketplace.

**Defendants have violated  Section 1 of the Sherman Act, 15 U.S.C. § 1.**

Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants have discriminated against Plaintiff Cox in painting her in false light in order to affect public opinion of her free speech case that fights to give bloggers, citizen journalists, whistle blowers and online free press equal rights under the law as those in traditional media.

Upon my knowledge and belief, the purpose of this action is to create and to keep the monopoly that Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants have on free speech and protection under the laws and constitutional rights that do not seem to apply to bloggers, citizen journalists, whistle blowers and online free press.

**The  "U.S. v. National Association of Realtors Civil Action No. 05 C 5140, COMPETITIVE IMPACT STATEMENT" goes on to say:**

"The Amended Complaint alleges that NAR's adoption of the Challenged Policies constitutes a contract, combination, and conspiracy by and between NAR and its members which **unreasonably restrains competition** in brokerage service markets throughout the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1."

"In the Amended Complaint, the United States asks the Court to order NAR to stop violating the law. The United States did not seek monetary damages or fines; the law does not provide for these remedies in a case of this nature."

Defendants in this case seek to unreasonable restraints on competition by way of suppressing the truth about the Crystal Cox case and painting Plaintiff Cox in false and defamatory light in order to affect public opinion of Crystal Cox herself and distract from the merits of the case which affect the very life force, foundation and business model of Defendants Forbes, Defendants New York Times and John and Jane Doe Defendants.

Defendants seek to keep the stronghold, the "norm" of big media conglomerates

189 of 100

having special rights and privileges under the law and the constitution. Defendants have traditionally relied upon rules, laws that keep their cartel, their monopoly of free speech. Defendants cannot be allowed to continue to unreasonably impede competition among media sources, mediums of communication and harm consumers of news and information. See United States v. Realty Multi-List, 629 F.2d 1351, 1371 (5th Cir. 1980).

Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants punish, defame and obstruct the innovations of Plaintiff's efficient, Internet-based tools and online media techniques used to bring independent news and information to the public, those who are news consumers, and those who are the target audience for the ad revenue placed on this news (content). Defendants seek to monopolize the industry of "bringing the news" to consumers.

Defendant Forbes Inc. and Defendant New York Times, as well as other John and Jane Doe Defendants have attempted to suppress the benefits of innovation and competition from reaching consumers, and thus violate Section 1 of the Sherman Act, 15 U.S.C. § 1.

## REMEDIES AVAILABLE TO POTENTIAL PRIVATE LITIGANTS

Section 4 of the Clayton Act, 15 U.S.C. § 15, provides that any person who has been injured as a result of conduct prohibited by the antitrust laws may bring suit in federal court to recover three times the damages the person has suffered, as well as costs and reasonable attorneys' fees.

Plaintiff Cox wishes the Department of Justice to bring action against Defendants as well, in order to STOP the monopoly of free speech in which Defendants Forbes, Defendants New York Times and other John and Jane Doe Defendants currently seem to have and are ruining lives and businesses such as that of Plaintiff Cox, in order to keep their cartel, their monopoly in newsgathering and publication of that news and information to the publice.

News should be of the people by the people and all who gather and bring the news to the public should have equal protection under the law and the constitution. Defendants New York Times and other John and Jane Doe Defendants should not

have special media privilege, journalistic privilege, reporters privilege to be deemed a more reliable, credible source of news and information simply because they are working for or own a large news corporation, a conglomerate, a cartel.

Independent media is often the most accurate source of news and information that the news consuming public has access to. Especially if this news and information is in regard to allegations of corrupt lawyers, law firms, judges, politicians, trustees, authority figures and court proceedings.

If Defendants are allowed to keep their monopoly, their cartel, then the truly independent news will be SILENCED forever.  If the Crystal Cox case ceases, and cannot move forward or Plaintiff Crystal Cox herself is painted out to be someone not worthy of equal protection under journalist privilege laws, then Defendants keep their stronghold, their monopoly on free speech, and keep their power and rights over free press, bloggers, citizen journalists and whistleblowers. This would be a serious violation of the constitutional rights of every news consuming citizen, EVERYWHERE.

Defendants Forbes, Defendants New York Times and other John and Jane Doe Defendants should not have more rights under the law or the constitution or more power and influence in bringing the news to the public at large simply because they are the "oldest and largest"  predominant Media organisations and influential newspapers, news sources traditionally.

Defendants Forbes, Defendants New York Times and other John and Jane Doe Defendants should not have superior rights just because they are bigger, richer, more established and have more clout and political backing. This behavior, these actions are a violation of Plaintiff's rights to fair competition and a violation of anti-trust laws and the constitutional rights of Plaintiff Cox and subsequently of the rights of ALL investigative bloggers, citizen journalists, whistle blowers, and free press in new media.

191

It is a violation of anti-trust laws for Reporter's privilege to only apply to the oldest and largest, wealthiest, influential newspapers and predominant Media organisations.

Defendants have interfered with fair competition regarding Plaintiff Crystal Cox.

Defendants have violated The Sherman Antitrust Act (Sherman Act,[1] July 2, 1890, ch. 647, 26 Stat. 209, 15 U.S.C. §§ 1–7) and directly damaged Plaintiff Crystal Cox.  Defendants have created an anticompetitive environment to prevent Plaintiff Cox and subsequently all bloggers and other new media from competing fairly.

Wealthy conglomerates such as Defendant Forbes and Defendant New York Times do not have the lawful or constitutional right to suppress the rights of independent media, blogs, free press and modern internet publications of independent news.

U.S. anti-trust laws, competition law focus on the protection of competition rather than competitors such as Defendants Forbes, Defendants New York Times and other John and Jane Doe Defendants. This court should grant Plaintiff Cox all relief allowed under the law, in order to firmly establish that competition in the "news industry" should be a healthy, vibrant, competitive market place just as technology and real estate, as this is of the best interest of every news and information consuming citizen.

Media conglomerates such as  Defendant Forbes and Defendant New York Times should not have more power and influence over what is news and who is a journalist by law and by constitutional rights, then do independent online news sources, such as blogs.

Anti-Trust laws are designed to promote conduct which encourages competition, even severely so, but against conduct which unfairly tends to destroy competition itself. The focus of U.S. competition law, is on protection of competition rather than competitors.

Sherman Act, 21 Cong.Rec. 2456. It was in this sense of preventing restraints on commercial competition that Congress exercised "all the power it possessed." Atlantic Cleaners & Dyers v. United States, supra, 286 U. S. 435.

At Addyston Pipe and Steel Company v. United States, 85 F.2d 1, affirmed, 175 U. S. 175 U.S. 211;

At Standard Oil Co. of New Jersey v. United States 221 U. S. 1, 221 U. S. 54-58.

Defendants Forbes, Defendants New York Times and other John and Jane Doe Defendants have engaged in anticompetitive conduct and have thereby violated The Sherman Act.

Defendants Forbes, Defendants New York Times and other John and Jane Doe Defendants actions are anticompetitive in nature. Thus attempt to prevent violate the Sherman Act.

The Sherman Act Section 1 States:

"Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."[14]

The Sherman Act Section 2 States:

"Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony [. . . ]"[15]

Defendants have engaged in intentional misconduct and conspiratorial conduct of the kind forbidden by Section 1 of the Sherman Act, or Section 3 of the Clayton Act.

### Cause of Action 8.)   18:1964, Racketeering (RICO) Act / 27:1332ri, Racketeering / Corrupt Organization

Plaintiff Crystal L. Cox re-alleges and fully incorporates ALL preceding paragraphs in their entirety.

**RICO US Code Title 18, USAM 9-110.000 Organized Crime and Racketeering Violations of RICO, 18 U.S.C. 1962(c)), and Conspiracy to Violate RICO, Violation of 18 U.S.C. 1962 (d))**

Upon knowledge and belief Defendants Marc J. Randazza have violated Federal Rules of Civil Procedure 18 U.S.C. § 1961 through 1968, Federal Rules of Civil Procedure 18 U.S.C. §§ 1962(a),(b),(c), and/or (d) and have engaged in scams, conspiracy to steal intellectual property through fraudulent legal action and misinformation to the courts and to WIPO.

I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants have conspired to intimidate, pressure, harass and threaten sources, insiders, whistleblowers in order to silence me, Investigative Blogger Crystal L. Cox, Plaintiff,.

Harm to Plaintiff would not have occurred if Defendant Kevin Padrick had not given Defendant Kashmir Hill Plaintiff's partial email, and if Defendant Kashmir Hill would not have published to third party Defendant Forbes.

Defendant's breach of a duty and care caused harm suffered by the claimant.

Defendants are responsible for harm caused by a third party as a direct result of defendant's negligence. Harm to Plaintiff Cox would not have occurred 'but for' the negligence of the defendants. Illustrated by:

Barnett v Chelsea & Kensington Hospital [1968] 1 All ER 1068

Robinson v Post Office [1974] 2 All ER 737

Cummings (or McWilliams) v Sir William Arrol & Co [1962] 1 All ER 623

Bux v Slough Metals Ltd [1974] 1 All ER 262

Bolitho v City & Hackney HA [1997] 4 All ER 771

The Empire Jamaica [1955] 1 All ER 452


 I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants are engaged in scams to steal intellectual property through fraudulent legal action and misinformation to the courts and to WIPO.

 I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants are involved in PROSTITUTION RINGS, Client Shakedowns, Controlling Judges, Strong arming or paying off Media, extreme retaliation against those who criticize or Expose Defendant Randazza, engaged in online hate campaigns to ruin the life and business or targets and some drive to suicide.

 I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants are engaged in extreme tactics, fraud on the courts, media manipulation, internet mobbing via legal blogs and journalists such as Kashmir Hill, David Care and Others.

 I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants threaten insiders, witnesses, whistleblowers and engage in ongoing internet hate campaigns which ruin the life, reputation, business of Randazza's target.

I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants have conspired to intimidate, pressure, harass and threaten sources, insiders, whistleblowers in order to silence me, Investigative Blogger Crystal L. Cox, Plaintiff, Pro Se Plaintiff from reporting on their involvement in the stealing and infringement of the iViewit Video Coding Technology, estimated to be worth 13 Trillion Dollars and a liability of at least a Billion to each co-conspirator involved in the unauthorized use of the iViewit Technology.

I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza of Randazza Legal Group and his, Co-Conspirator, Defendant David S. Aman of Tonkon Torp Law Firm have named Eliot Bernstein, founder of iViewit Technology and one of the iViewit Video Coding Technology inventors, in 2 separate legal actions as a named Defendant with me, Crystal L. Cox, Plaintiff, Pro Se Plaintiff, who was and is reporting on the iViewit Technology theft, in order to discredit the iViewit Story, intimidate a reporter / investigative blogger reporting on the story and to protect their clients who are Co-Conspirators, Defendants liable for Billions of Dollars each, for iViewit Technology Infringement.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, Marc J. Randazza has been in engaged with the following Defendants in conspiracy for several years to paint in false light, defame, harass, intimidate and pressure court case defendants where by co-conspirators are the attorneys that get paid legal fees, or get settlements negotiated based on the pressure to the defendants by a ring of attorney bloggers and Media Bloggers, Traditional News, NPR, and other mass media outlets.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, These bloggers, media providers, attorney bloggers are Kenneth P. White, White and Newhouse Law Firm, Kashmir Hill of Forbes, Forbes Inc., David S. Aman, David Carr, New York Times, Bob Garfield, NPR Radio, Jordan Rushie, Philly Law Blog, Leo M. Mulvihill, Jr., Mulvihill & Rushie, LLC, SaltyDroid, Jason Jones Esq.,Janine Robben, Oregon State Bar Bulletin, Tracy L. Coenen, Mark Bennett, XBIZ, blog.bennettandbennett.com, Bennett and Bennett, Scott H. Greenfield, Carlos Miller, WIPO, Peter L. Michaelson, Eric Turkewitz, Turkewitz Law Firm, IRoxanne Grinage, HireLyrics, NewYorkPersonalInjuryAttorneyBlog.com, blog.simplejustice.us,  HireLyrics,Sean Boushie, University of Montana, Martin Cain, Tim Vawter, Ari Bass - Michael Whiteacre, J. Malcom DeVoy, Ronald D. Green, Sean Tompkins, Free Speech Coalition, John and Jane Does'.

One victims is myself, Plaintiff Crystal L. Cox. Other victims are defendants of the legal cases of the above noted attorneys as they "blog" write on, report on each others cases, in order to affect the ruling of the court case and thereby pressure settlements. The victims then become clients on both sides who have to pay attorney fees of the Plaintiff and Defendant in those cases.

These blogs, radio shows, big media paint a picture and use legal words, descriptions and these blog posts, reports are then put in as evidence and judges call them "legal commentary" and take them as factual evidence when indeed they are other co-conspirators created a picture of the case and the defendants, issues, plaintiff, in order to force a settlement or get prolonged fees for each other.

Upon Knowledge and Belief Marc J. Randazza has in engaged with the following Defendants in conspiracy to suppress information and shut down massive blogs, blog posts and connected links and sublinks in which expose / report the iViewit Technology theft and the iViewit / Eliot Bernstein Legal Filing (Docket No: 07-Civ-11196 (SAS) Related Docket No: 07-Civ-9599 (SAS), RICO Complaint, and Surrounding Court Cases and Ongoing Investigations, and connected to the The United States District Court for the Southern District of New York, Christine Anderson Whitewashing Case. And in Connection to Judge Shira A. Scheindlin and iViewit Related Cases.

**Upon Knowledge and Belief Defendant Marc J. Randazza has in engaged with the following in the above alleged activities, actions:**

Kenneth Rubenstein Proskauer Rose Attorney, Matthew M. Triggs, Gregg Mashberg, Peter L. Michaelson WIPO, Francis Gurry WIPO, Intel Corp., Steven Rodgers Intel VP., Steve Dowling APPLE, Bruce Sewell APPLE, Edward Kwakwa WIPO, Bret Sewell Synaptics, David Wang Synaptics, Mark Vena Synaptics, Synaptics, Doug Chey, Liberty Media Holdings, John C. Malone,Corbin Fisher, Manwin,  Martin Cain, Dylan Energy, Judge Gloria M. Navarro, Daniel Staton, District of Nevada Court, GoDaddy, Jessica Griffith, Bob Parsons, Obsidian Finance Group, Tonkon Torp Law Firm, Steven Wilker, David S. Aman, Kevin D. Padrick, Erik Wilbers WIPO, Marshall Ross, Multnomah County Sheriff, and

Liberty Media Holdings Connected Companies: Liberty Capital,  AOL Inc. (1% through Liberty Capital and 2% through Liberty Interactive), Barnes and Noble Inc. (17%), CenturyLink Inc. (1%), Crown Media Holdings Inc. (3%), Current Communications Group LLC. (8% through Liberty Partners and Liberty Associated Partners), Jingle Networks Inc. (9% through Liberty Partners and Liberty Associated Partners), Kroenke Arena Company

LLC. (7%), Live Nation Entertainment Inc. (21%), Mobile Streams Inc. (16%), Motorola Mobility Inc. (2%), Motorola Solutions Inc. (2%), Priceline.com Inc. (1%), Sirius XM Radio Inc. (40%), Sprint Nextel Corporation (2%), Time Warner Cable Inc. (1% through Liberty Capital and 2% through Liberty Interactive), Time Warner Inc. (1% through Liberty Capital and 2% through Liberty Interactive) ,Viacom Inc. (1%)


AND

Kenneth P. White, White and Newhouse Law Firm, Kashmir Hill of Forbes, Forbes Inc., David S. Aman, David Carr, New York Times, Bob Garfield, NPR Radio, Jordan Rushie, Philly Law Blog, Leo M. Mulvihill, Jr., Mulvihill & Rushie, LLC, SaltyDroid, Jason Jones Esq.,Janine Robben, Oregon State Bar Bulletin, Tracy L. Coenen, Mark Bennett, XBIZ, blog.bennettandbennett.com, Bennett and Bennett, Scott H. Greenfield, Carlos Miller, WIPO, Peter L. Michaelson, Eric Turkewitz, Turkewitz Law Firm,  Roxanne Grinage, HireLyrics, NewYorkPersonalInjuryAttorneyBlog.com, blog.simplejustice.us, HireLyrics,Sean Boushie, University of Montana, Martin Cain, Tim Vawter, Ari Bass - Michael Whiteacre, J. Malcom DeVoy, Ronald D. Green, Sean Tompkins, Free Speech Coalition, John and Jane Does'.

Upon Knowledge and Belief Marc J. Randazza has in engaged with the following Defendants in conspiracy to threaten violence, threaten coming to my home and "bye bye" threaten my knee caps and other violence and gang stalking threats on forums, chats, comments, texts, and other.

Upon Knowledge and Belief of Plaintiff Crystal L. Cox, These co-conspirators are:
Ari Bass aKa Michael Whiteacre, Sean Tompkins, J. Malcom Devoy, Marc J. Randazza, Kenneth P. White, Jason Jones, CaptainObvious, Sean Boushie, Martin Cain, Jordan Rushie and John and Jane Doe Defendants, Individuals and Companies,

Victims of these threats are Plaintiff Crystal L. Cox and one of her sources Monica Foster aKa Alex Melody, Alexandria Mayers.

**I, Crystal L. Cox, Plaintiff, Investigative Blogger** Request that this court, District of Nevada, Notify Investigators and all Authorities regarding Defendant Marc J. Randazza in Criminal and Civil Conspiracy with working with "Opposing Counsel" in cases, in such a way that financial harms both of their clients.  They use blogs, and the courts to create illusions, drage cases out, win, lose or settle the attorneys on BOTH sides get paid. Defendant Marc J. Randazza is in Criminal and Civil Conspiracy to "shakedown" clients on both sides, and acts in conspiracy with

the Nevada Court and Nevada Receivers to carry this out. In this regard I, Crystal L. Cox, Plaintiff, Investigative Blogger Request that this court, District of Nevada, investigate Defendant Marc J. Randazza in Criminal and Civil Conspiracy with Judge Gloria M. Navarro as in the freezing of accounts and enforcing attorneys paid in the Righthaven case and in conspiracy with Receiver Lara Pearson.

Defendant Marc J. Randazza has acted in Criminal and Civil Conspiracy with Tonkon Torp Law Firm and Las Vegas Attorney Lara Pearson to be the forced "Receiver" in Obsidian V. Cox. Defendant Marc J. Randazza in Criminal and Civil Conspiracy with Judge Gloria M. Navarro to work with Defendant Marc J. Randazza in wiping out massive online content of Plaintiff Crystal L. Cox, Plaintiff, Investigative Blogger.

Defendant Marc J. Randazza is a dangerous, well connected attorney, and is not above any kind of personal or financial harm. It is this court, District of Nevada,'s duty to take action and investigate Defendant Marc J. Randazza. I am an investigative journalist with knowledge of this information and Request that this court NOTIFY THE PROPER AUTHORITIES.


# Claim of Relief


Plaintiff Crystal L. Cox re-alleges and incorporates all of the previous paragraphs in their entirety.

False and Defamatory Statements were, without a doubt, made by Defendants to a Third Party Concerning Plaintiff Crystal Cox and have caused Plaintiff Crystal Cox harm. Therefore Plaintiff Cox is entitled to recovery.

**Plaintiff Crystal L. Cox Requests a judgment against Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.**

Plaintiff Crystal L. Cox seeks relief of **100 Million Dollars** in Damages EACH from Defendants Forbes Inc., New York Public Radio, New York Times, Sequence Inc., Defendant Multnomah County Sheriff Office, and 1-50 John and Jane Doe Defendant(s).

Plaintiff Crystal L. Cox seeks relief of **10 Million Dollars** in Damages EACH from Defendant Kevin D. Padrick, Defendant David S. Aman, Defendant Kashmir Hill, Defendant David Coursey, Defendant Steven Wilker, Defendant Tonkon Torp Law Firm, Defendant Randazza Legal Group, Defendant Marc J. Randazza, Defendant Bob Garfield, Defendant

David Carr, Defendant Peter L. Michaelson, Defendant Francis Gurry, Defendant Eric Wilbers, Defendant Tracy L. Coenen, Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC, Defendant Jason M. Jones, Defendant Daniel Staton, Defendant Marshall Ross, Roxanne Grinage, and 1-50 John and Jane Doe Defendant(s).

**WHEREFORE, Plaintiff pray for judgment against Defendants as follows:**

A. Finding in favor of plaintiff on their claim for relief;

B. Awarding plaintiff damages against defendants in the amount as stated above.

C. Awarding plaintiff their cost and disbursements incurred in this action;

D. Permanently enjoining defendants from publishing false and defamatory statements concerning plaintiff.

E. Granting such other and further relief as the Court finds just or equitable.

**Plaintiff Crystal Cox has been immeasurably, irreparably damaged by the false and defamatory statements published to a third party concerning Plaintiff Cox, by Defendants.**

Plaintiff Cox has suffered harm to her intellectual property.

Plaintiff Cox has suffered  immeasurably, irreparable damage to her business, trade, profession, and occupation.

Plaintiff Cox has suffered loss of earning capacity.

Plaintiff Cox has suffered harm to her personal reputation, professional reputation and business reputation.

Plaintiff Cox has suffered harm to her personal relationships, state of mind and quality of life.

Plaintiff Cox is entitled to receive reasonable compensation for harm to reputation, humiliation, or mental suffering, even if plaintiff does not present evidence that proves



actual damages. This is because the law presumes that the plaintiff suffered these damages.

Therefore Plaintiff Cox is entitled to all recover, compensation, and relief deemed appropriate and allowed by law.

**Certificate of Service:**

I hereby certify that I served the foregoing on May 28th, 2013

Mailed to:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
400 North Miami Avenue
Miami, FL 33128

Submitted Respectfully by

Pro Se Plaintiff
Crystal L. Cox
**(406) 624-9510**
PO Box 2027
Port Townsend, WA 98368
Crystal@CrystalCox.com

Crystal@CrystalCox.com

200